■ In the Matter of JOHN JJ., a Person Alleged to be a Juvenile Delinquent, Appellant. COLUMBIA COUNTY ATTORNEY, Respondent. [748 NYS2d 188] —Kane, J. Appeals (1) from an order of the Family Court of Columbia County (Leaman, J.), entered March 28, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent, and (2) from an order of said court, entered January 14, 2002, which denied respondent's motion to vacate the order adjudicating him to be a juvenile delinquent.

On August 14, 2000 at approximately 4:00 P.M., respondent allegedly caused damage to a bicycle owned by John Anderson, which was resting against the exterior wall of Hudson High School in the City of Hudson, Columbia County. The estimated cost of repairing the bicycle was $100.12. As a result, respondent was charged with committing an act which, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree. After a fact-finding hearing, Family Court adjudicated respondent a juvenile delinquent and placed him in the care and custody of the Columbia County Commissioner of Social Services for a period of 12 months. Respondent appeals. While perfecting his appeal, respondent moved, pursuant to CPL 440.10, to vacate the dispositional order on the ground that he had received ineffective assistance of counsel and was denied an impartial hearing. Family Court denied the motion and respondent appeals this order as well.

Respondent first argues that, because his first attorney, John Clark, was soon to become a law assistant with Family Court, such circumstance undermined his right to be effectively represented by counsel at arraignment. The only prejudicial effect of this alleged conflict is claimed by respondent to be Clark's willingness to be prepared for a hearing within two weeks of the date of the arraignment. On the actual date of the fact-finding hearing, December 6, 2000, which was almost a month after the arraignment on November 9, 2000, Family Court disclosed that Clark would be commencing employment with Family Court on December 21, 2000. Because of this circumstance, substitute counsel, Sean Lally, was provided to represent respondent and no objection was raised to the matter proceeding to a hearing.

Respondent has not demonstrated to this Court that at the time of arraignment Clark knew that he would be employed by Family Court or that, even if he did know, such circumstance presented any conflict whatsoever. Nor did he show that the case could not have been properly prepared and tried in accordance with the schedule set by the court at arraignment. Under the circumstances, we find that respondent has failed to demonstrate either the existence of a conflict of interest or that the manner by which Clark represented respondent prejudiced his case. "Although disqualification may be required where the claimed conflict of interest could have a direct affect on the representation, here there is no evidence of any such prejudice to [respondent]" (*People v Abar*, 290 AD2d 592, 593 [citations omitted]).

Next, respondent argues that he received ineffective assistance of counsel from Lally at his hearing. Respondent claims that Lally failed to "evaluate witnesses," "adequately interview [respondent] or others," make discovery demands or file pretrial motions or seek information to impeach the credibility of the prosecution's witnesses. The issue of Lally's ineffective representation at the fact-finding hearing was raised before Family Court by virtue of respondent's CPL article 440 motion. By affidavits on that motion, respondent and his mother alleged the existence of potential witnesses whose testimony would have impeached Anderson's testimony and, therefore, provide a basis for an argument that Anderson in fact damaged his own bicycle. It is apparent that this information was brought to Lally's attention since he undertakes to examine Anderson along the lines suggested by respondent's mother and he inexplicably abandons the line of questioning without receiving an answer.

Here, it is clear that no preparation was undertaken for the defense of this case. Although Lally presented evidence produced by respondent for the hearing and conducted examinations of the witnesses presented, his representation fell short of what is required by this Court. As a result of the failure of counsel to even interview respondent and his witnesses sooner than 10 to 15 minutes before the fact-finding hearing or to ask Family Court for an adjournment of the hearing so that he might arrange to interview those witnesses proposed by respondent and his mother to determine the relevance, materiality and potential impact of their testimony, this Court cannot find that respondent was provided with "meaningful representation" as guaranteed under the New York Constitution (*People v Baldi*, 54 NY2d 137, 147; *see People v Benevento*, 91 NY2d 708, 713; *People v Powers*, 262 AD2d 713, *lv denied* 93 NY2d 1005). Under the circumstances, Family Court's orders must be reversed and a new hearing ordered.

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision.