In the Matter of JAHLAUNE D. MITCHELL, Appellant, v CHAVON CHILDS, Respondent. [810 NYS2d 237]—

Peters, J. Appeal from an order of the Family Court of Albany County (James, J.H.O.), entered November 30, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

The parties, who were never married, are the parents of one child (born in 1996). At all relevant times, other than the period between June 2001 and February 2002, petitioner has been in prison and has consistently sought visitation.

In February 1997, petitioner commenced his first proceeding

for visitation while he was an inmate at the Wyoming Correctional Facility in Wyoming County. Family Court determined, based upon petitioner's waiver of his right to visitation, that he would be provided with photographs and progress reports of the child every three months. Between September 1997 and December 2002, petitioner sought to modify that order four more times and further alleged, on two occasions, violations of various orders allowing him limited access. In the August 2002 petition, amended in December 2002, petitioner sought personal visits and requested Family Court to order any necessary evaluations to determine whether the child has the mental/emotional maturity to engage in such visits. That petition was dismissed for a failure to state a cause of action.

This proceeding is grounded upon petitioner's September 21, 2004 petition. Completed pro se, petitioner alleged that he has the right to have visitation with his child, despite his incarceration, unless it is first shown that visitation is detrimental to the child's welfare. At the initial court appearance on October 19, 2004, only the Law Guardian was present; Family Court appointed a Public Defender for petitioner. At the next court appearance, the Public Defender appeared without petitioner and respondent appeared pro se. The Law Guardian advocated for dismissal of the proceeding since petitioner had no relationship with the child; no mention was made about allegations that respondent had consistently violated the court's prior order. The Public Defender openly admitted to Family Court that she had not yet spoken with petitioner and had no relevant documents with her, other than a copy of the petition. Family Court adjourned the matter and denied both the motion to dismiss and the Public Defender's request to have petitioner participate by phone. Instead, Family Court told the Public Defender to speak with petitioner and be prepared to speak on his behalf at the next scheduled hearing. On November 30, 2004, respondent and her counsel, the Law Guardian and a different Public Defender appearing for petitioner were present. This Public Defender admitted that she had not spoken to petitioner, had no file on the matter and had absolutely no information about this proceeding. Respondent's counsel moved to dismiss the petition, claiming no change in circumstance. Respondent's counsel represented to Family Court that petitioner might soon be eligible for parole so there was no point in having visitation; the Law Guardian agreed. Without articulating a basis, Family Court dismissed the petition, without prejudice, and stated that "[i]t's almost malpractice that the members of the Office of the Public Defender don't talk to each other." This appeal ensued.

We agree with petitioner's contention that he was deprived of

the effective assistance of counsel. Recognizing that petitioner had to demonstrate that he "received less than meaningful representation and that he suffered actual prejudice as a result of the claimed deficiencies in the representation provided by counsel" (*Matter of Jonathan LL.*, 294 AD2d 752, 753 [2002]), we find it evident, as did Family Court, that there was a consistent failure by the Public Defender's office to communicate with petitioner at any point prior to his scheduled appearances. Moreover, even though problems were noted in petitioner's pro se pleadings, such pleadings are to be liberally construed (*see* Family Ct Act § 165; CPLR 3026; *Matter of Greenblatt v Van Deusen*, 87 AD2d 713, 714 [1982]). Had petitioner's counsel communicated with him, these drafting deficiencies could have been rectified by the filing of an amended petition.

While we will not assess, on this record, whether petitioner should have been granted visitation, we cannot condone the inadequacy of the representation provided to him when petitioner has a statutory right to have counsel in these circumstances (*see Matter of John JJ.*, 298 AD2d 634, 636 [2002]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934 [2001]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). For these reasons, Family Court's order must be reversed.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision, with new assignment of counsel independent of the Public Defender's office.