In the Matter of JASON EVERETT PANZER, Appellant, v MELISSA JEAN WOOD, Respondent. [952 NYS2d 915]—

McCarthy, J. Appeal from an order of the Family Court of Schenectady County (Taub, J.H.O.), entered June 14, 2011, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in violation of a prior order.

The parties are the parents of a son (born in 2001). By order signed January 2011, a modification of an order of visitation was entered, on consent, directing that (1) respondent shall send letters and photographs to petitioner[1] updating him on the child's growth and development three times a year, (2) both parties must inform the other of any change of address, and (3) petitioner may send letters and cards to the child so long as the correspondence is not signed as "Dad." In April 2011, petitioner commenced this violation proceeding claiming that respondent violated the terms and conditions of the visitation order by interfering with his 14th Amendment rights. Family Court, sua

---

1. Petitioner apparently has been imprisoned out of state for most of the child's life.

sponte, dismissed the petition for failure to state a cause of action and this appeal ensued.[2]

We affirm. Even accepting petitioner's allegations as true and according petitioner the benefit of every possible favorable inference, as we must (*see Matter of Mitchell v Childs*, 26 AD3d 685, 687 [2006]; *see also* Family Ct Act § 165; CPLR 3026), petitioner has failed to set forth factual allegations tending to support his contention that respondent violated the visitation order in any way. Accordingly, Family Court properly dismissed the petition for failure to state a cause of action.

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Although petitioner's appeal is technically premature because he filed his notice of appeal prior to the entry of the order of dismissal (*see* CPLR 5512 [a]; Family Ct Act § 165), in the exercise of our discretion, we will treat the notice of appeal as valid (*see* CPLR 5520 [c]; *Matter of Loomis v Yu-Jen G.*, 81 AD3d 1083, 1084 [2011]).