*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                518250
_____

In the Matter of CHRISTOPHER
    WALTER LAPHAM,
                    Appellant,
        v                                MEMORANDUM AND ORDER

KAYLA LEE SENECAL,
                    Respondent.
_____

Calendar Date:  January 8, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

        Jessica C. Eggleston, Saratoga Springs, for appellant.

        Omshanti Parnes, Plattsburgh, attorney for the child.

_____

Lynch, J.

        Appeal from an order of the Supreme Court (Lawliss, J.),
entered May 22, 2013 in Clinton County, which partially granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, for modification of a prior order of visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a child born in 2007.
Pursuant to an August 2011 order entered on consent, the mother
was awarded sole legal and physical custody of the child and the
father was granted visitation supervised by either his sister or,
if she was not available, by Child Care Coordinating Counsel of
the North Country – Family Connections (hereinafter Family
Connections).  In May 2012, the father began a nearly continuous
period of incarceration until November 2012, when he was
transferred to Bare Hill Correctional Facility in Franklin County

(see People v Lapham, 117 AD3d 1341 [2014], lv denied 23 NY3d 1064 [2014]).  In February 2013, while in state custody, the father commenced this proceeding to modify the prior custody order, requesting that the child be brought to visits at the state facility each month.  After a trial, Supreme Court awarded the father one visitation with the child every four months, supervised by the maternal grandmother, for so long as he remained at Bare Hill Correctional Facility, an approximately one-hour drive from the child's home.  The father now appeals and we affirm.

As the parties do not dispute that the father's incarceration constituted a substantial change in circumstances, the primary issue presented is whether Supreme Court should have allowed more frequent visitation.  Generally, there is a presumption in favor of visitation by a noncustodial parent, even where the noncustodial parent is incarcerated (see Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]; Matter of Ruple v Harkenreader, 99 AD3d 1085, 1086 [2012]; Matter of Garraway v Laforet, 68 AD3d 1192, 1193 [2009]; Matter of Tanner v Tanner, 35 AD3d 1102, 1103 [2006]).  This presumption may be overcome if visitation is not in the child's best interests (see Matter of Garraway v Laforet, 68 AD3d at 1194).  Similarly, the frequency of visitation is also subject to consideration of the child's best interests in view of "'the totality of the circumstances'" (id., quoting Matter of Eck v Eck, 33 AD3d 1082, 1083 [2006]).  The discretionary findings of a trial court in this regard are entitled to deference unless they lack a sound and substantial basis in the record (see Matter of Culver v Culver, 82 AD3d 1296, 1297 [2011], lv denied 17 NY3d 710 [2011]).

Here, Supreme Court determined that while there was no claim that it would be affirmatively harmful for the child to visit the father, there was also little benefit given the father's "poor character and poor criminal behavior" and the lack of an established relationship between the father and the child. The record indicates that the court also considered the time it would take for the child to travel and be admitted to the facility to visit with the father, who did not regularly exercise the opportunity to enjoy visitation with the child when it was available.  Under the circumstances, and giving the requisite

deference, we find that Supreme Court's conclusion that it was in the child's best interests to limit visitation to three times a year was supported by a sound and substantial basis in the record (see Matter of Garraway v Laforet, 68 AD3d at 1194; Matter of Cole v Comfort, 63 AD3d 1234, 1236 [2009], lv denied 13 NY3d 706 [2009]; Matter of Moore v Schill, 44 AD3d 1123, 1123 [2007]). Further, because the relevant factors and their impact on the child's best interests would need to be reconsidered, Supreme Court properly determined that the father was entitled to visitation with the child only for so long as he remained incarcerated at Bare Hill Correctional Facility or another facility of similar distance from the child's home (see Matter of Ellett v Ellett, 265 AD2d 747, 748 [1999]). The father's claims in this regard should be raised in a modification petition (see Matter of Granger v Misercola, 21 NY3d at 92; Matter of Moore v Schill, 44 AD3d at 1123).

Peters, P.J., Lahtinen and McCarthy, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court