*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                519998
_____

In the Matter of KHARI DEVON
    COLEY,
                    Appellant,

            v                                MEMORANDUM AND ORDER

BRENDA LEE MATTICE,
                    Respondent,
                    et al.,
                    Respondent.
_____

Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

                    _____


        Michael C. Ross, Bloomingburg, for appellant.

        Michelle I. Rosien, Philmont, for Brenda Lee Mattice,
respondent.

        Marian B. Cocose, Bearsville, attorney for the child.

                    _____


Devine, J.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered September 17, 2014, which, among other
things, partially granted petitioner's application, in a
proceeding pursuant to Family Ct Act article 6, to modify a prior
order of visitation.

        Petitioner is the father of a child born in 2007 and, in a
2012 consent order, Family Court awarded sole legal and physical
custody of the child to respondent Brenda Lee Mattice
(hereinafter the grandmother).  The order contained no provisions

addressing visitation between the father and the child.  The father was jailed at the time of the order because of pending robbery charges, for which he was convicted and sentenced to a substantial term of imprisonment (People v Coley, 129 AD3d 1327 [2015], lv denied 26 NY3d 927 [2015]).

The father commenced this proceeding in 2014, seeking to modify the prior consent order to allow written and telephonic contact with the child, access to information regarding her health and education, and visitation with him in prison.  Family Court conducted a hearing, after which it modified the prior order to grant the bulk of the requested relief.  Family Court declined to order in-person visitation due to the absence of any reasonable plan by the father for facilitating it, but permitted the father to revisit the issue if he was released from prison or moved to a prison closer to the child.  The father appeals, focusing solely upon the refusal of Family Court to permit prison visitation.

We affirm.  Inasmuch as the father was sentenced to a long prison term after entry of the 2012 order, Family Court properly found a change in circumstances and proceeded to assess whether modification was in the best interests of the child (see Matter of Cole v Comfort, 63 AD3d 1234, 1235 [2009], lv denied 13 NY3d 706 [2009]).  The father sought prison visitation and, while "visitation with a noncustodial parent, including an incarcerated parent, is presumed to be in the best interests of the child," the presumption may be rebutted with proof "that visitation would be harmful to the child's welfare or not in the child's best interests" (Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015]; see Matter of Granger v Misercola, 21 NY3d 86, 91 [2013]).

In that regard, the father demanded that the child travel from her home in Ulster County to his prison in Franklin County two times a month.  His sole suggestion as to how the young child could make the journey, however, was that she somehow find her way to New York City and then make a 15-hour round trip to the prison on a bus.  He had no appreciation for the toll such prolonged trips would take on the child and an accompanying adult, did not explain how he would pay for the bus fare and failed to offer any plausible suggestion as to who would

accompany the child. Thus, in light of "the unavailability of any appropriate arrangement to accomplish physical visitation," Family Court appropriately found that in-person visitation was not in the best interests of the child (Matter of Conklin v Hernandez, 41 AD3d 908, 911 [2007]; see Matter of Franklin v Richey, 57 AD3d 663, 664-665 [2008]).

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court