Susan Dedona, et al., Appellants, v Robert Di Raimo, M.D., et al., Respondents, et al., Defendants. [27 NYS3d 42]—

Order, Supreme Court, Bronx County (Faviolo Soto, J.), entered November 13, 2014, which denied plaintiffs' motion to, among other things, vacate an order, same court and Justice, entered on or about July 29, 2014, which had granted defendants' oral motion during trial to dismiss plaintiffs' complaint (dismissal order), unanimously reversed, on the law, without costs, the facts, and in the exercise of discretion, without costs, the motion to vacate granted, and the matter remitted for a new trial before a different Justice. Appeal from dismissal order, unanimously dismissed, without costs.

Plaintiff Susan Dedona's husband, then 31 years old, was involved in a motorcycle accident and sustained injuries to his femur, which led to five surgeries and his ultimate death. Plaintiff commenced this action against, among others, defendant Dr. DiRaimo, a vascular surgeon who attempted to restore circulation in decedent's leg.

After jury selection, but before opening statements, defendants moved, in limine, to preclude plaintiffs from presenting evidence or expert testimony on plaintiffs' theory that Dr. DiRaimo departed from care and caused or contributed to decedent's death by failing to ligate (tie off) decedent's superficial femoral artery.

The trial court improvidently exercised its discretion in granting the motion and in dismissing the complaint based on the preclusion of evidence. Defendants' argument that they had no notice of plaintiffs' theory and were unfairly surprised is unavailing. The theory concerning vascularization of

decedent's left leg was adequately disclosed in plaintiff's original and supplemental bills of particulars. Further, while CPLR 3101 (d) (1) (i) does not require a party to retain an expert at any particular time (*see LaMasa v Bachman*, 56 AD3d 340, 340-341 [1st Dept 2008]), here plaintiff served the CPLR 3101 (d) expert disclosure notice about eight months before trial, which was sufficient notice (*see Ramsen A. v New York City Hous. Auth.*, 112 AD3d 439, 440 [1st Dept 2013]). Furthermore, during that period, defense counsel were present at several pretrial conferences and raised no objections to the expert disclosure, nor did they reject the notice (*see Rivera v Montefiore Med. Ctr.*, 123 AD3d 424, 425-426 [1st Dept 2014], *lv denied* 25 NY3d 1187 [2015]).

Given the improper preclusion of evidence, plaintiffs are entitled to a new trial (*see Gallo v Linkow*, 255 AD2d 113, 116 [1st Dept 1998]). Further, the matter should be remitted for trial before a different Justice, as the record shows that the trial court was biased in favor of defendants (*see Bank of N.Y. v Castillo*, 120 AD3d 598, 601 [2d Dept 2014]).

Plaintiff properly moved to vacate the order granting defendants' motion to dismiss, since defendants' motion was not made on notice to plaintiff and therefore not appealable as of right (*see* CPLR 5701 [a] [2], [3]; *see also Sholes v Meagher*, 100 NY2d 333, 335 [2003]). Concur—Tom, J.P., Acosta, Renwick and Moskowitz, JJ.