*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 7, 2016                      521455
_____

In the Matter of JAMES DIBBLE,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

JENNIFER VALACHOVIC,
                    Respondent.
_____

Calendar Date:   May 27, 2016

Before:   McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

_____

    Lisa A. Burgess, Indian Lake, for appellant.

    Tracey A. Brown, Delmar, for respondent.

    Rachel A. Rappazzo, Schenectady, attorney for the child.

_____

Clark, J.

    Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered June 15, 2015, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' child.

    Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2007).  In 2013, following the death of the child's paternal grandmother, the father was convicted of murder in the second degree and sentenced to a prison term of 25 years to life.  In 2015, the father commenced this visitation proceeding seeking to establish some degree of contact with the child.  After a fact-finding hearing, Family Court determined that prison visits and

telephone contact with the father would not be in the child's best interests, but granted the petition to the extent of allowing the father to send the child letters on a monthly basis, as well as birthday and Christmas cards, and directing the mother to send the father a photograph of the child every six months and the child's final report card each year. The father appeals.[1]

Generally, "visitation with a noncustodial parent, including an incarcerated parent, is presumed to be in the best interests of the child" (Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015]; see Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]; Matter of Lapham v Senecal, 125 AD3d 1210, 1210 [2015]). That presumption, however, may be rebutted upon a showing "that[,] under all the circumstances[,] visitation would be harmful to the child's welfare" (Matter of Granger v Misercola, 21 NY3d at 91; see Matter of Coley v Mattice, 136 AD3d 1231, 1232 [2016]; Matter of Joshua SS. v Amy RR., 112 AD3d 1159, 1160 [2013], lv denied 22 NY3d 863 [2014]). The propriety of visitation is a matter committed to the sound discretion of Family Court, guided by the best interests of the child, and we will not disturb its determination so long as it is supported by a sound and substantial basis in the record (see Matter of Kadio v Volino, 126 AD3d at 1254; Matter of Joshua SS. v Amy RR., 112 AD3d at 1160; Matter of Culver v Culver, 82 AD3d 1296, 1297 [2011], appeal dismissed 16 NY3d 884 [2011], lv denied 17 NY3d 710 [2011]).

Here, although there was some — albeit contested — evidence demonstrating that the father had a meaningful relationship with the child prior to his incarceration, the record established that the father was convicted of murder in the second degree for killing his mother, the child's paternal grandmother. The mother

---

[1] Although the mother and the attorney for the child also seek affirmative relief from Family Court's order, we note that neither party filed a notice of appeal and, thus, their arguments in support of such relief are not properly before us (see Matter of Melissa WW. v Conley XX., 88 AD3d 1199, 1201 [2011], lv denied 18 NY3d 803 [2012]; Matter of Sharyn PP. v Richard QQ., 83 AD3d 1140, 1143-1144 [2011]).

testified that, prior to her death, the paternal grandmother regularly cared for the child and that, as a result, the child developed a significant bond with her.  The mother further testified that the child was aware of the reason for the father's incarceration and that the child was engaged in counseling to address her continuing grief.  Under all of these circumstances, including a concern for the emotional well-being of the child, the child's age and the lengthy prison sentence imposed upon the father, a sound and substantial basis supports Family Court's determination to deny the father in-person and telephone contact with the child, as well as its determination regarding the frequency with which the mother is required to send the father photographs of the child (see Matter of Leonard v Pasternack-Walton, 80 AD3d 1081, 1082 [2011]; Matter of Morelli v Tucker, 48 AD3d 919, 920 [2008], lv denied 10 NY3d 709 [2008]; Matter of Trombley v Trombley, 301 AD2d 890, 891-892 [2003]).

McCarthy, J.P., Rose, Devine and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court