Clark, J.
Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered March 13, 2015, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 2010). From the time of the father’s incarceration in August 2010 through the spring of 2014, the mother—who had married the father in April 2012—brought the child to visit the father on numerous occasions. However, in the spring of 2014, the mother stopped bringing the child to visit the father and subsequently commenced this Family Ct Act article 6 proceeding seeking sole legal and primary physical custody of the child. Following a hearing, Family Court, among other things, awarded the mother sole legal and physical custody of the child and directed the mother to transport the child to visit the father twice per year, once in the spring and once in the fall, at the correctional facility at which he is confined or such other facility so long as it is within 50 miles of the City of Schenectady, Schenectady County. The mother appeals, arguing that there is not a sound and substantial basis in the record to support Family Court’s determination to award the father visits twice per year while he is incarcerated and to require her to facilitate these visits.
It is presumed that visitation with a noncustodial parent, even if he or she is incarcerated, is in the best interests of the child (see Matter of Granger v Misercola, 21 NY3d 86, 91 [2013]; Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015]; Matter of Garraway v Laforet, 68 AD3d 1192, 1193 [2009]). To rebut this presumption, it must be demonstrated, by a preponderance of the evidence, that visitation with the incarcerated parent would, upon consideration of all the circumstances, “be harmful to the child’s welfare” or contrary to the child’s best interests (Matter of Granger v Misercola, 21 NY3d at 91; see Matter of Dibble v Valachovic, 141 AD3d 774, 775 [2016]). “[T]he propriety of visitation is left to the sound discretion of Family Court, guided by the best interests of the child, and its *1416 decision will not be disturbed where it is supported by a sound and substantial basis in the record” (Matter of Joshua SS. v Amy RR., 112 AD3d 1159, 1160 [2013], lv denied 22 NY3d 863 [2014]; see Matter of Lapham v Senecal, 125 AD3d 1210, 1210-1211 [2015]; Matter of Culver v Culver, 82 AD3d 1296, 1297 [2011], appeal dismissed 16 NY3d 884 [2011], lv denied 17 NY3d 710 [2011]).
Here, in finding that biannual prison visits between the child and the father were appropriate, Family Court gave some consideration to the child’s history of visits at the prison. Indeed, the hearing testimony established that, despite disagreement as to the precise number of visits, the child regularly visited with the father and that, as a result, the father had developed a positive relationship with the child. In addition, the parties’ testimony demonstrated that, when the mother stopped bringing the child to visits, the father attempted to maintain his relationship with the child by sending cards and letters.
The mother argues that, given the father’s history of addiction and his admitted use of illicit substances twice while incarcerated, as well as the child’s fear of the prison setting, visitation with the father while he is incarcerated is not in the child’s best interests. The father testified that, while he was incarcerated, he used heroin once in 2011 or 2012 and suboxone once in 2013, that he was not under the influence of those substances during any of his visits with the child and that he had taken an anger management course and attended a drug treatment program while in prison. Additionally, with regard to the child’s alleged fear of prisons, both parties testified that the child never expressed fear or distress during the visits and the only instance in which the record established that the child had exhibited fear was when a correction officer yelled at her to stop running towards a closing gate. “According the requisite ‘substantial deference’ to Family Court’s findings,” a sound and substantial basis exists in the record to support Family Court’s determination to award the father limited in-person visitation with the child twice per year (Matter of Garraway v Laforet, 68 AD3d 1192, 1194 [2009], quoting Matter of Ellett v Ellett, 265 AD2d 747, 748 [1999]; see Matter of Baker v Blanchard, 74 AD3d 1427, 1428 [2010]).
However, the mother should not be saddled with the primary responsibility of providing the child with transportation to and from the correctional facility at which the father is located. At the time of the hearing, as demonstrated by her testimony, the mother’s financial resources were limited, her ability to work *1417 full time was restricted by the availability and affordability of child care and her vehicle was roughly 18 years old, with 140,000 miles on it. To impose upon the mother the primary responsibility of providing the child with transportation to and from the visits under these circumstances would detract from the mother’s ability to provide for the child’s day-to-day needs (see Matter of Culver v Culver, 82 AD3d at 1300; Matter of Franklin v Richey, 57 AD3d 663, 664-665 [2008]). While Family Court, in acknowledgment of the father’s lack of financial resources, urged the father to “begin to take[ ] at least some responsibility” for the transportation costs and to “begin the process of defraying future costs by reaching out to his relatives,” it stopped short of imposing an affirmative responsibility upon the father to assist with transportation. In our view, because the burden of facilitating the child’s transportation to visits with the father should not rest primarily with the mother (see Matter of Culver v Culver, 82 AD3d at 1300; Matter of Franklin v Richey, 57 AD3d at 664-665), Family Court should have imposed such an affirmative responsibility upon the father. Accordingly, we direct the father to make arrangements for a suitable individual approved by the mother, provided that such approval is not unreasonably withheld,* to transport and accompany the child to and from the prison visits or, alternatively, to pay one half of the transportation costs incurred by the mother in bringing the child to and from the visits.
We have examined the mother’s remaining contentions and find them to be without merit.
Egan Jr., J.P., Rose, Mulvey and Aarons, JJ., concur.
Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as held petitioner solely responsible for transporting the child to visits with respondent; respondent shall make arrangements for the child’s transportation and accompaniment to and from the visits by a suitable individual approved by petitioner, provided that such approval is not unreasonably withheld, or pay one half of the transportation costs incurred by petitioner in bringing the child to and from the visits; and, as so modified, affirmed.

 In the event that the parties are unable to agree on a suitable individual to bring the child to and from the visits, either party may file a petition seeking to enforce or modify the order.