■ In the Matter of RAVINDER DHARAMSHOT, Respondent, v TANYANARAH SURITA, Appellant. [54 NYS3d 735]—

Peters, P.J. Appeal from an order of the Family Court of Rensselaer County (Kehn, J.), entered March 9, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' child.

Petitioner (hereinafter the father) and respondent (hereinaf-

ter the mother) are the parents of a son (born in 2013). Convicted of robbery, the father has been incarcerated since April 2013, approximately eight months before the child was born, and his earliest release date is in 2020. In August 2015, the father commenced the instant proceeding seeking in-person visitation with the child. Soon thereafter, the mother petitioned for sole legal and physical custody of the child and the parties consented to an order granting the mother such relief. Following a fact-finding hearing on the father's petition for visitation, Family Court concluded that visitation would be in the child's best interests and awarded the father three visits per year at the correctional facility where he is housed, with the father responsible for arranging and facilitating the visits as well as associated transportation expenses. The mother appeals.

It is fundamental that "[v]isitation with a noncustodial parent, including an incarcerated parent, is presumed to be in the best interests of the child" (*Matter of Robert SS. v Ashley TT.*, 143 AD3d 1193, 1193 [2016] [internal quotation marks and citations omitted]; *see Matter of Granger v Misercola*, 21 NY3d 86, 90-91 [2013]; *Matter of Samuels v Samuels*, 144 AD3d 1415, 1415 [2016]). To overcome this presumption, the party opposing visitation must put forth " 'compelling reasons and substantial proof that visitation would be harmful to the child' " (*Matter of Duane FF. [Harley GG.]*, 135 AD3d 1093, 1095 [2016], *lv denied* 27 NY3d 904 [2016], quoting *Matter of Joshua SS. v Amy RR.*, 112 AD3d 1159, 1160 [2013], *lv denied* 22 NY3d 863 [2014]; *see Matter of Granger v Misercola*, 21 NY3d at 91; *Matter of Dibble v Valachovic*, 141 AD3d 774, 775 [2016]). "The propriety of visitation is left to the sound discretion of Family Court, guided by the best interests of the child, and its decision will not be disturbed where it is supported by a sound and substantial basis in the record" (*Matter of Samuels v Samuels*, 144 AD3d at 1415-1416 [internal quotation marks, brackets and citations omitted]; *see Matter of Leary v McGowan*, 143 AD3d 1100, 1101 [2016]).

In determining that limited in-person visitation would not be detrimental to the child, Family Court gave consideration to the fact that the child had some experience with visitation in the prison setting and that the father, in turn, has attempted to maintain a relationship with his son. The testimony of the father, who was the sole witness to testify at the fact-finding hearing, established that the child had visited him at his place of incarceration on four prior occasions and that, although he had not seen the child for several months as of the date of the

hearing, he had made efforts to maintain written communication with the child by sending letters and cards. Family Court found the distance to and from the prison at which the father was incarcerated to be not particularly burdensome, and noted that the father was willing to assume responsibility for all transportation costs and arrangements. In that regard, the father testified that his sister was an available resource to transport the child and the mother to the prison for visitation, as she had done on prior occasions, and that he was working with an organization to help defray the costs of such transportation. Neither the mother nor the attorney for the child presented testimonial or documentary evidence to counter the father's representations. While Family Court recognized that the father faced the possibility of deportation upon his eventual release from prison,* it reasoned that this was not a sufficient basis upon which to deny him any visitation with the child at this time. Considering all of the circumstances, and according the requisite deference to Family Court's findings, we find a sound and substantial basis for the court's determination to award the father limited visitation with the child three times per year (*see Matter of Samuels v Samuels*, 144 AD3d at 1416; *Matter of Lapham v Senecal*, 125 AD3d 1210, 1211 [2015]; *Matter of Baker v Blanchard*, 74 AD3d 1427, 1428 [2010]; *Matter of Garraway v Laforet*, 68 AD3d 1192, 1194 [2009]; *compare Matter of Coley v Mattice*, 136 AD3d 1231, 1232 [2016]; *Matter of Duane FF. [Harley GG.]*, 135 AD3d at 1095; *Matter of Ruple v Harkenreader*, 99 AD3d 1085, 1086-1087 [2012]).

Garry, Devine, Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Although the father admitted that he was not a citizen, he asserted that he would not be deported upon his release from prison.