Matter of Aaron OO. (Amber PP.) (2019 NY Slip Op 02390)





Matter of Aaron OO. (Amber PP.)


2019 NY Slip Op 02390


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

525099

[*1]In the Matter of AARON OO., Appellant,
and
AMBER PP., Respondent.

Calendar Date: February 11, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Todd G. Monahan, Schenectady, for appellant.
Timothy S. Brennan, Schenectady, for respondent.
Veronica Reed, Schenectady, attorney for the children.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered March 9, 2017, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2006, 2009 and 2013). Incarcerated since 2013, the father is currently serving a prison sentence of 40 years to life. In January 2016, the father commenced the instant proceeding seeking visitation with the children. A fact-finding hearing was conducted over a period of roughly five months and included testimony from both the father and the mother. Notwithstanding that the attorney for the children "endorse[d] some form of visitation," Family Court ultimately dismissed the father's petition without prejudice, finding that visitation was inconsistent with the children's best interests "at th[at] time." The father appeals, arguing that Family Court's determination is not supported by a sound and substantial basis and that he received ineffective assistance of counsel.
Our review of the record reveals that this proceeding was so affected by errors and deficient representation that we cannot let Family Court's order stand. Initially, it is apparent from the record that counsel for both the father and the mother appeared to be confused as to who bore the burden of proof. We thus find it necessary to reiterate the burden of proof applicable in proceedings like this one. Visitation with a noncustodial parent, even one who is incarcerated, is presumed to be in the best interests of the children (see Matter of Granger v Misercola, 21 NY3d 86, 91 [2013]; Matter of Kari CC. v Martin DD., 148 AD3d 1246, 1247 [2017]). That presumption, however, may be rebutted by demonstrating, by a preponderance of the evidence, that visitation with the incarcerated parent would, under all of the circumstances, be harmful to the children's welfare or contrary to their best interests (see Matter of Granger v Misercola, 21 NY3d at 91-92; Matter of Samuels v Samuels, 144 AD3d 1415, 1415 [2016]; Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015]). In other words, the incarcerated parent is not required to [*2]demonstrate that visitation is in the children's best interests; rather, it is the parent opposing prison visitation that bears the burden of rebutting the presumption favoring visitation (see Matter of Granger v Misercola, 21 NY3d at 91-92; Matter of Leary v McGowan, 143 AD3d 1100, 1101 [2016]).
Additionally, as noted by the attorney for the children on appeal, the record is inexplicably devoid of evidence regarding the children. Although the father did not bear the burden of proof, his counsel failed to elicit basic testimony relevant to the issue of whether visitation or some other form of contact was in the children's best interests, as it is presumed to be (see Matter of Granger v Misercola, 21 NY3d at 91; Matter of Kari CC. v Martin DD., 148 AD3d at 1247). For example, the father's counsel did not inquire of the father or the mother about the nature of the father's relationship with the oldest two children prior to his incarceration. A Lincoln hearing was not discussed on the record, and there was absolutely no testimony that could inform a determination as to the presence, or absence, of a bond between the father and any of the children (compare Matter of Robert SS. v Ashley TT., 143 AD3d 1193, 1194 [2016]; Matter of Culver v Culver, 82 AD3d 1296, 1299-1300 [2011], appeal dismissed 16 NY3d 884 [2011], lv denied 17 NY3d 710 [2011])[FN1]. The father's counsel instead spent an inordinate amount of time questioning the mother about her finances, which, although relevant (see Matter of Samuels v Samuels, 144 AD3d at 1416-1417; Matter of Culver v Culver, 82 AD3d at 1299-1300), was explored in such painstaking detail that it was to the exclusion of all other pertinent lines of questioning. He also engaged in an exhaustive and irrelevant inquiry regarding the mother's child from a different relationship. In short, the father's counsel displayed an overall lack of focus and purpose in both advocacy and the presentation of evidence on the father's behalf.
Furthermore, it is clear from the record that the father and his counsel were at odds more often than not. On several occasions, the father complained on the record that his counsel had not communicated, much less conferred, with him between appearances (see Matter of Mitchell v Childs, 26 AD3d 685, 687 [2006]). The father and his counsel also had disagreements on the record. Toward the end of the hearing, the father's relationship with his counsel had deteriorated to such a degree that he requested that his counsel be released from representing him "due to [counsel's] lack of communication and information on the case." Family Court granted this request, but not until after summations began.
Under the circumstances of this case, we find that the father was prejudiced by the less than meaningful representation afforded to him throughout the fact-finding hearing (see Matter of Mitchell v Childs, 26 AD3d at 687). Accordingly, we must reverse Family Court's order and, given the passage of time, remit the matter for a new hearing, as well as the assignment of new counsel to the father (see Matter of Mitchell v Childs, 26 AD3d at 687; Matter of John JJ., 298 AD2d 634, 636 [2002]).
In light of our determination, we need not address whether Family Court's determination is supported by a sound and substantial basis in the record.
Garry, P.J., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Without such proof, the record simply does not support Family Court's finding that there was no "existing parent-child bond between the [f]ather and any of the[] three children."