Matter of Angelina H. v Derrick I. (2020 NY Slip Op 05989)





Matter of Angelina H. v Derrick I.


2020 NY Slip Op 05989


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

529228

[*1]In the Matter of Angelina H., Appellant,
v
Derrick I., Respondent.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Amanda FiggsGanter, Albany, for appellant.
Alexandra G. Verrigni, Rexford, attorney for the child.



Egan Jr., J.P.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered May 1, 2019, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unwed parents of a child (born in 2007). In 2016, the father was granted sole legal and physical custody of the child and the mother was awarded visitation as the parties mutually agree. In 2017, the mother was convicted of two counts of burglary in the second degree, was sentenced to seven years in prison, and is presently serving her sentence at Albion Correctional Facility in Orleans County, with an expected release date in 2023.
In April 2018, while incarcerated, the mother filed a petition for modification of the 2016 custody order, seeking monthly visitation with the child at the correctional facility.[FN1] At an October 2018 appearance, the parties consented to a temporary order permitting the mother to call the child every Sunday between 6:00 p.m. and 8:00 p.m. at the mother's expense and to communicate with the child in writing. Following a fact-finding hearing and a Lincoln hearing with the child, Family Court continued sole legal and physical custody of the child with the father and determined that visitation at the correctional facility was not in the child's best interests, noting the absence of a strong parent-child bond between the mother and the child as well as the lengthy duration of the trip to the facility. The court further held that the mother shall have telephone contact with the child every other Sunday between 6:00 p.m. and 8:00 p.m. at the mother's expense, be allowed written communication with the child and that further contact with the child was permissible to the extent that the parties mutually agreed. The mother appeals.
We affirm. "A parent seeking to modify a prior order of custody and visitation is required to demonstrate that a change in circumstances has occurred since entry thereof that then warrants the court engaging in an analysis as to the best interests of the child" (Matter of Naquan V. v Tia W., 172 AD3d 1467, 1468 [2019] [citations omitted]; see Matter of Sue-Je F. v Alan G., 166 AD3d 1360, 1361 [2018]; Matter of Clinton v Backus, 160 AD3d 1073, 1074 [2018]). Here, the parties agree that the mother's incarceration and their inability to agree on a visitation schedule provide the requisite change in circumstances and, therefore, the sole issue to be resolved is whether in-person visitation at the correctional facility is in the best interests of the child (see Matter of Lapham v Senecal, 125 AD3d 1210, 1210 [2015]).
To that end, it is well established that "[v]isitation with a noncustodial parent, even one who is incarcerated, is presumed to be in the best interests of the child" (Matter of Tamara T. v Brandon U., 180 AD3d 1286, 1286 [2020]; see Matter of Aaron OO. [Amber PP.], 170 AD3d 1436, 1436 [2019]). Visitation should be denied only where substantial proof reveals that visitation would be harmful to the child (see Matter of Dharamshot v Surita, 150 AD3d 1436, 1437 [2017]; Matter of Leary v McGowan, 143 AD3d 1100, 1101 [2016]; Matter of Duane FF. [Harley GG.], 135 AD3d 1093, 1095 [2016], lv denied 27 NY3d 904 [2016]). "As relevant here, in determining the appropriateness of . . . visitation between the child[] and the incarcerated parent, the court must consider the totality of the circumstances, including such factors as the age of the child[], the lack or existence of a meaningful relationship between the parent and the child[], the distance and travel time entailed, and the length of the parent's prison sentence" (Matter of Benjamin OO. v Latasha OO., 170 AD3d 1394, 1395 [2019] [internal quotation marks and citations omitted], lv denied 33 NY3d 909 [2019]; see Matter of Duane FF. [Harley GG.], 135 AD3d at 1095; Matter of Garraway v Laforet, 68 AD3d 1192, 1193-1194 [2009]). Importantly, the discretionary findings of Family Court are accorded substantial deference as long as they are supported by a sound and substantial basis in the record (see Matter of Samuels v Samuels, 144 AD3d 1415, 1415-1416 [2016]; Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015]).
Here, although the extent and quality of the child's relationship with the mother prior to her incarceration was not well-developed in the record, the evidence introduced at the fact-finding hearing established that the mother suffered from substance abuse issues and, beginning in 2009, participated in several month-long residential treatment programs. The mother admitted that she has relapsed several times throughout the years and confirmed that she was intoxicated when she was involved in the burglary for which she is currently incarcerated. Following entry of the August 2016 custody order, but prior to the mother's 2017 incarceration, the mother exercised visitation with the child every other weekend for approximately five hours at the home of the mother's power of attorney, with the exception of one overnight visit. Following the mother's incarceration, the mother's power of attorney facilitated written communication between the mother and the child but, following entry of the October 2018 temporary order permitting communication between the mother and the child, the mother has allegedly written to the child every week.[FN2]
As for in-person visitation, the child's trip to the correctional facility is approximately a nine-hour round trip journey. Although the father agreed that, if court-ordered, he would drive the child to the facility for visitation, he indicated that he works Monday through Friday from 7:00 a.m. to 5:30 p.m. and that the child participated in swimming and Taekwondo and was expected to shortly commence dance lessons. The mother's power of attorney also indicated that she was willing to transport the child to the facility every month for visitation and to pay for the expenses associated therewith; however, she admitted that the facility is "far away" and the trip usually necessitates her to stay overnight in a motel.
Based on the foregoing, we agree that in-person visitation at the correctional facility is not presently in the best interests of the child. Although evidence at the fact-finding hearing established that the mother and the child engaged in visitation every other weekend from August 2016 until the mother's 2017 incarceration, the record is devoid of any evidence that the mother regularly visited or communicated with the child prior thereto (see Matter of Lapham v Senecal, 125 AD3d at 1211; Matter of Cole v Comfort, 63 AD3d 1234, 1235-1236 [2009], lv denied 13 NY3d 706 [2009]; Matter of Conklin v Hernandez, 41 AD3d 908, 911 [2007]). Moreover, in-person visitation would require the child and an accompanying adult to endure a lengthy nine-hour round trip and likely an overnight stay (see Matter of Coley v Mattice, 136 AD3d 1231, 1232 [2016]; Matter of Goldsmith v Goldsmith, 68 AD3d 1209, 1210 [2009]). The mother, meanwhile, is not without adequate means of contact with the child, as Family Court's visitation order specifically provides for frequent telephone calls between the mother and the child as well as written contact, which provides for meaningful communication with the child without disturbing her school and extracurricular schedule or subjecting her to the stress of regular, prolonged trips to the correctional facility (see Matter of Bloom v Mancuso, 175 AD3d 924, 927 [2019], lv denied 34 NY3d 905 [2019]; Matter of Benjamin OO. V Latasha OO., 170 AD3d at 1396). Additionally, Family Court's order does not wholly preclude in-person visitation with the mother, as the parties remain free to engage in such visitation should they mutually agree. Accordingly, we find that there is a sound and substantial basis in the record to support Family Court's decision denying the mother's request for in-person visitation with the child (see Matter of Bloom v Mancuso, 175 AD3d at 927; Matter of Cole v Comfort, 63 AD3d at 1235-1236).
Mulvey, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The subject modification petition was originally filed by the mother's power of attorney with the mother later adopting the petition as her own. Following a request by the attorney for the child, the mother's power of attorney was removed from said petition.

Footnote 2: Although the father is amenable to the mother and the child communicating via telephone, he wishes to supervise these calls, as he is concerned that the mother pressures the child to visit her in prison, causing the child undue stress.