Hudak v Good Samaritan Hosp. of Suffern, N.Y. (2020 NY Slip Op 05989)





Hudak v Good Samaritan Hosp. of Suffern, N.Y.


2020 NY Slip Op 05989


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Gische, Kern, Scarpulla, JJ. 


Index No. 101448/10 Appeal No. 12144 Case No. 2019-4461 

[*1]Christopher Hudak, as Administrator of the Estate of Michelle Lynn Hudak, et al., Plaintiffs-Respondents-Appellants,
v
Good Samaritan Hospital of Suffern, N.Y., et al., Defendants-Appellants-Respondents, Daniel Edward Vinick, M.D., Defendant-Respondent.
Good Samaritan Hospital of Suffern, N.Y., Third-Party Plaintiff-Appellant-Respondent,
v
Guy Salomon, M.D., et al., Third-Party Defendants-Appellants-Respondents.


Raskin Morelli LLP, Brooklyn (Doralba Lassalle of counsel), for Good Samaritan Hospital of Suffern, N.Y., appellant-respondent.
Mauro Lilling Naparty LLP, Woodbury (Katherine Herr Solomon of counsel), for Ramapo Valley OB/GYN, P.C., and Carrie Frances Panoff, D.O., appellants-respondents.
Koster, Brady & Nagler, LLP, New York (Danielle N. Bennett of counsel), for Guy Salomon, M.D., and Ramapo Anesthesiologists, P.C., appellants-respondents.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents-appellants.
DeCorato Cohen Sheehan & Federico LLP, New York (Joshua R. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Carmen St. John, J.), entered April 26, 2019, which, after a jury trial, entered a verdict against defendants Ramapo Valley Ob/Gyn, P.C. and Carrie Frances Panoff, D.O., and third-party defendants Guy Salomon, M.D., and Ramapo Anesthesiologists, P.C., d/b/a Ramapo Anesthesia, and determined defendant/third-party plaintiff Good Samaritan Hospital of Suffern, N.Y., was vicariously liable for their actions, unanimously reversed, on the law and the facts, without costs, and the matter remanded for a new trial except as to defendant Vinick.
Supreme Court erred in striking and precluding all expert testimony as to whether decedent suffered an amniotic fluid embolism (AFE), the central defense of her treating doctors, after performing a quasi-Frye inquiry of the experts and concluding that AFE without hypoxia is not a "mature issue in the medical community." In doing so, Supreme Court intruded upon the jury's realm of weighing evidence (see Marsh v Smyth, 12 AD3d 307, 307-308 [1st Dept 2004]). In particular, the Supreme Court disregarded evidence that because decedent was intubated, she may not have exhibited hypoxia, even though she displayed the other symptoms of AFE and had a majority of the risk factors, as well as evidence that hypoxia was not seen in some cases of AFE. Regardless, the experts' testimony and supporting medical literature satisfied the Frye standard, and a jury should have been permitted to hear and consider the evidence (id.; see Sadek v Wesley, 117 AD3d 193, 201-202 [1st Dept 2014], affd 27 NY3d 982 [2016]). Given the improper preclusion of evidence, we remand for a new trial (see Dedona v DiRaimo, 137 AD3d 548, 549 [1st Dept 2016]).
The jury's finding that defendant Vinick was not liable was not against the weight of the evidence and should be upheld.
In light of our determination, it is not necessary to reach the parties' remaining arguments. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020