■ In the Matter of JUDY UU., Appellant, v TROY SS., Respondent, et al., Respondent. (And Two Other Related Proceedings.) [914 NYS2d 373]—

Spain, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered December 24, 2009, which dismissed petitioner's applications, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (the mother) and respondent (the father) are the divorced parents of a son, born in 1998, who has been at the center of their protracted custody battle since 2005. Recently, this Court affirmed an August 2007 modification of custody order of Family Court, issued after lengthy hearings, awarding the father sole legal and physical custody, and awarding the mother specified unsupervised daytime parenting time and setting a holiday visitation schedule (*Matter of Troy SS. v Judy UU.*, 69 AD3d 1128 [2010]). That detailed order allowed additional parenting time "as the parties may agree," forbade their making or allowing disparaging remarks about the other in the child's presence, prohibited the mother from contacting or making derogatory remarks regarding the child's day-care provider and required the mother to continue therapy until being discharged. That decision chronicles the parties' contentious history, and the mother's psychiatric impairment that affected the child's well-being.

While that appeal was pending, the mother filed the instant May 2009 custody modification petition, and a June 2009 violation petition alleging that the father had discussed their custody litigation with the child. While those petitions were pending, Family Court issued an order in July 2009 (apparently in response to petitions filed by the mother in 2008 which are not before us) adjusting its original August 2007 order, leaving the sole custody and parenting arrangement intact and continuing most of its provisions, but modifying the mother's parenting time (allowing weekend overnight visits) and requiring that communication between the parties regarding the child be done by e-mail, if available, or postal mail, and directed their exchange of e-mail addresses. The mother thereafter filed a

third petition in September 2009 for modification, to allow the child to continue to attend his present school near her residence, which is not in the district where the father resides. At the conclusion of a combined fact-finding hearing on all of the petitions at which only the parties testified, Family Court dismissed all three petitions. The mother appeals,[1] and we affirm the dismissal of her petitions.

Family Court properly dismissed the mother's May 2009 modification petition, given her failure to demonstrate a change in circumstances reflecting a real need for change since the court's August 2007 modification order (see Matter of Paul T. v Ann-Marie T., 75 AD3d 788, 789-790 [2010], lv denied 15 NY3d 713 [2010]).[2] The mother's petition and testimony raised allegations that the child's day-care provider is "using the child . . . as a tool to foster her relationship with [the] [f]ather" and the child should be "kept away from [her]." The record, including the mother's largely rambling and nonresponsive testimony, is devoid of any support for that request. Indeed, the mother conceded that the child loves the day-care provider, who on a daily basis helps him with homework and takes him to school; the father affirmed that the child has a good relationship with her and is doing well under the current arrangements and in school. The mother's claim that the day-care provider acted inappropriately by speaking with her or stopping by her house, sometimes with the child, to pick up or drop off something, is without merit; these are normal, innocuous events not precluded by the prior orders or suggestive of harm to the child.

The mother's expanded allegations raised at the hearing concern her difficulty getting the father to communicate with her or provide information to her about the child, and the father discussing the parties' litigation with the child (also the basis for the June 2009 violation petition) and not respecting her role as a noncustodial parent. She also objected to the father allowing the child to decide whether to assent to her request for additional visitation and arguing with the day-care provider in the child's presence. These issues were all explored at the hearing

---

1. The father has not submitted a brief on this appeal. While the mother only appealed from the December 2009 order, we—like Family Court—have fully considered the court's July 2009 order adjusting the August 2007 order.

2. Family Court made no express finding on change in circumstances but, given the complete record and our independent review authority, we find no such change was demonstrated here (see Matter of Cree v Terrance, 55 AD3d 964, 967 [2008], lv denied 11 NY3d 714 [2008]).

and, for the most part, were either denied[3] or explained by the father, who indicated a willingness to permit verbal communication with the mother regarding the child, provided it is civil. The testimony related to these claims did not support a finding of a substantial change in circumstances since the prior order; rather, it represents a continuation of the parties' inamicable relationship and the mother's clouded perceptions, and did not suggest that the child's best interests would be served by the mother's requests to modify the current custody and parenting time arrangement in any respect. As we previously noted, the father, notwithstanding some parental shortcomings, has exhibited a far greater ability than the mother to foster the child's relationship with the mother and to act in his best interests (*Matter of Troy SS. v Judy UU.*, 69 AD3d at 1132). Thus, Family Court providently dismissed the May 2009 modification petition.

The mother raises no direct arguments on appeal regarding her June 2009 violation petition, which Family Court dismissed, concluding that the August 2007 order did not specifically prohibit discussion of the litigation with the child, but viewing the incident to be "absolutely regrettable." It is not clear if the court credited the father's testimony that the child only inadvertently overheard the information. In any event, to clarify the issue, we emphasize that the clear prohibition against either party making or allowing disparaging remarks about the other "in [the child's] presence or hearing"—contained in both the August 2007 original modification order and the July 2009 adjusted order—should be understood to preclude either party from having any unnecessary, critical discussion with (or within hearing of) the child regarding their fractious litigation, given the likelihood that it will exacerbate the child's emotional turmoil and sense of being torn between his parents. Further, the September 2009 petition was properly dismissed as moot, given the uncontroverted testimony that the child is, in fact, attending the same school (the one desired by the mother).

---

**3.** The father denied arguing with the day-care provider in the presence of the child and indicated that he discussed one of the petitions with his adult son, which the child inadvertently overheard. Contrary to the mother's claims, this testimony—although relevant to the violation petition—was fully considered by Family Court on the mother's modification petition as well. On the issue of the mother's requests for additional visitation, the father testified that he discussed them with the child, where possible he suggested a workable variation on the schedule to accommodate the mother's request, but ultimately let the by-then-12-year-old decide if he wanted the additional time. The court found no fault with this approach, but stressed that the child should not be involved in negotiating the mother's request for additional time. We agree.

Finally, we agree with the suggestion of the child's attorney that the August 2007/July 2009 orders should be modified to the extent that they permitted only e-mail or postal communication between the parties, a requirement imposed to create a record of the parties' requests and responses. The father testified that he has no Internet access at home and no e-mail account, and he admitted not replying to the mother's letters. The mother testified that he ignores her calls and requests for medical and school information. Given Family Court's assent in its oral ruling to the requests of the parties' counsel to allow their communication by phone, and the likelihood of their need for more immediate contact regarding the child in the event of illness, school matters, schedule problems and the like, the orders should be so amended to allow telephonic contact, as the court clearly intended. We reiterate the court's admonishment that the father is required to respond to the mother's verbal requests regarding the child within a reasonable time, and the mother's requests must be made in a reasonable, non-harassing fashion.

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the facts, without costs, by allowing verbal and telephonic communication between the parties regarding the child, and, as so modified, affirmed.