Matter of Amanda I. v Michael I. (2020 NY Slip Op 03963)





Matter of Amanda I. v Michael I.


2020 NY Slip Op 03963


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

528720

[*1]In the Matter of Amanda I., Respondent,
v
Michael I., Appellant.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Lisa K. Miller, McGraw, for appellant.
Larisa Obolensky, Delhi, for respondent.
Arthur J. Meldrim, Cortland, attorney for the children.



Lynch, J.P.
Appeal from an order of the Family Court of Cortland County (Alexander, J.), entered February 20, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2011 and 2015). Pursuant to a March 2018 order, the parties shared joint legal custody of the children, with primary placement to the mother and a schedule of parenting time to the father. In July 2018, the mother filed a petition seeking to modify the March 2018 order by, among other things, changing the place of the father's visits and adding a provision that prohibited the father from drinking alcohol around the children. In October 2018, the mother amended her modification petition to seek sole legal and physical custody of the children, with supervised parenting time to the father, and to request an order that the father obtain an alcohol evaluation by an accredited agency.
Thereafter, despite the father's awareness of the scheduled fact-finding hearing and his counsel's multiple attempts to contact him by several means of communication, he did not appear at the January 2019 fact-finding hearing. Nonetheless, the counsel did not wish to withdraw, and the fact-finding hearing proceeded, at which the father's counsel cross-examined the mother and made a closing statement. At the conclusion of the hearing, Family Court drew a negative inference from the father's absence. In February 2019, the court granted the mother's petition, awarding her sole legal and physical custody of the children and supervised parenting time to the father. The father appeals.
Initially, contrary to the assertion of the mother and the attorney for the children that the February 2019 order was entered on default, our review of the record reveals that no such default occurred. At the outset of the fact-finding hearing, the father's counsel noted that the father was not present and that she did not know his whereabouts. However, the counsel confirmed that she had "taken every effort to meet with [the father], prepare for this fact-finding [hearing] and . . . ma[d]e sure that [the father] was aware of today's proceedings" and asked not to be relieved from this case. When Family Court inquired whether the counsel was requesting "to have proof placed on the record," the counsel replied, "yes." Family Court responded, "Very well. We're going to proceed then," making an affirmative decision to go forward on the merits. When the proof was presented, the father's counsel cross-examined the mother and made a closing statement. After the testimony concluded, the court observed that, although a "default may be appropriate" because the father was not present, "[the father's counsel] did not take the easy way out. [She] could have asked to be relieved as counsel[, but she] insisted on representing him to the best of [her] ability and the [c]ourt appreciates that." In light of the court's determination to proceed with the case, as well as the diligent participation by the father's counsel in the fact-finding hearing, we find that the order was not entered on default, and the father was free to appeal from it (see Matter of Leighann W. v Thomas X., 141 AD3d 876, 877 [2016]; compare Matter of Deshane v Deshane, 123 AD3d 1243, 1244 [2014], lv denied 25 NY3d 901 [2015]).
Turning to the merits, the father contends that Family Court erred in modifying the custody order as the mother did not show a substantial change in circumstances nor that modification was in the children's best interests. We disagree. "A parent seeking to modify an existing custody and parenting time order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child[ren]'s continued best interests" (Matter of Kanya J. v Christopher K., 175 AD3d 760, 761 [2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 905 [2019]; see Matter of Jacob WW. v Joy XX., 180 AD3d 1154, 1154 [2020]). "The court is afforded broad discretion in this regard, and its determination will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Jennifer D. v Jeremy E., 172 AD3d 1556, 1557 [2019] [citations omitted]; see Matter of Zaida DD. v Noel EE., 177 AD3d 1220, 1221 [2019]).
At the fact-finding hearing, the mother testified that, although the parties briefly reconciled after the March 2018 order, shortly thereafter, the mother had to have the father removed from the household by the police because he had become intoxicated and acted disorderly in the presence of the children. The mother further stated that since the March 2018 order, the father had substantially increased his beer intake each day. The mother also testified that the father was living above a hotel, which she did not think was appropriate for the children, as it was "all males living above a bar" and the father had only one twin bed for them all to sleep in. The father also would text and call the mother accusing her of cheating on him and demanding to know where she was. The mother also stated that the father has not exercised visitation since June 2018 and told the children that the mother was preventing him from doing so. The mother explained that, although she would like for the children to have visitation with the father, she was concerned about his drinking and also wanted the children to continue attending the school in their current school district.
First, contrary to the father's contention, Family Court did not err in taking a negative inference against him, as he had not offered any proof at trial to rebut the mother's testimony (see Matter of Amonte M. [Mary M.], 112 AD3d 937, 938 [2013]). Next, the uncontroverted evidence establishes that the father was consuming alcohol and engaging in domestic disturbances in the presence of the children and that he did not have a suitable residence for the children. Thus, deferring to the court's credibility assessments, we find that the court's determination that the mother established a change in the circumstances and that a modified order of custody was in the best interests of the children is supported by a sound and substantial basis in the record (see Matter of LeVar P. v Sherry Q., 181 AD3d 1008, 1010 [2020]; Matter of Cassidy S. v Bryan T., 180 AD3d 1171, 1175 [2020]). The father's remaining contentions, to the extent that they are not specifically addressed here, have been examined and found to be without merit.
Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.