Matter of Timothy RR. v Peggy SS. (2021 NY Slip Op 05754)





Matter of Timothy RR. v Peggy SS.


2021 NY Slip Op 05754


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

531502
[*1]In the Matter of Timothy RR., Respondent,
v
Peggy SS., Appellant. (And Three Other Related Proceedings.)

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Cliff Gordon, Monticello, for appellant.
Law Offices of Jared K. Hart, Kauneonga Lake (Jared K. Hart of counsel), for respondent.
Ivy M. Schildkraut, Rock Hill, attorney for the children.



Colangelo, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 15, 2020, which, among other things, granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son and a daughter (born in 2005 and 2008, respectively). Pursuant to an August 2014 order of custody, the parties shared joint legal custody of the children, with the mother having primary physical custody and the father having parenting time on alternate weekends, certain holidays and one week in the summer. In June 2019, the father filed a modification petition seeking to increase his parenting time and a violation petition alleging, among other things, that the mother had impeded his communication and parenting time with the children in violation of the prior order. Thereafter, the father filed two amended custody modification petitions, both seeking sole custody of the children with parenting time to the mother. Family Court conducted a consolidated fact-finding hearing on the petitions and a Lincoln hearing with both children. The court found that the father demonstrated a change in circumstances since the entry of the prior order and that modification of the order to an award of sole custody to the father was necessary to ensure the best interests of the children. By order entered May 15, 2020, Family Court awarded sole legal and physical custody of the children to the father with parenting time to the mother. The mother appeals, and we affirm.[FN1]
"A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child[ren]" (Matter of Anthony YY. v Emily ZZ., 189 AD3d 1924, 1924 [2020] [citations omitted]; see Matter of Amanda I. v Michael I., 185 AD3d 1252, 1254 [2020]; Matter of Kanya J. v Christopher K., 175 AD3d 760, 761 [2019], lvs denied 34 NY3d 905, 906 [2019]). The evidence at the fact-finding hearing established that, prior to January 2019, the mother was allowing the father to have parenting time as provided in the order, but consistently refused to allow the father any additional parenting time despite repeated requests for additional time during school vacations and holidays; she also refused to allow the father to pick up the children from school activities. The record evidence demonstrated that the mother was unwilling to communicate with the father and instead relayed all information, including parenting time schedules and extracurricular events, through the children. Moreover, according to the hearing testimony, the mother consistently arrived 30 to 40 minutes late when dropping off the children for visitation with the father, which reduced the father's parenting time.[*2]
The father's testimony established that the mother failed to advise him that she moved from her previous address, despite the impact of the move, which resulted in a change of school district for the children and an increase in the father's driving time to over one hour to pick up the children for his parenting time. It was further established through the testimony of the father's fiancÉe that, during a seven-month period where the father had no parenting time with the daughter, the mother had the daughter accompany her when she brought the son to the drop-off location to meet the father, but the daughter never exited the car and saw the father from the car. During this period, the father would regularly call and speak to the son but was unable to speak with the daughter or with the mother. Parenting time with the daughter eventually resumed. The uncontradicted testimony further established that the mother, in addition to interfering with the father's scheduled parenting time, refused to allow the father to take the children on a vacation despite the father's timely request and did not allow the children to attend the bar mitzvah of the son of the father's fiancÉe. In view of the mother's conduct, we conclude that the record supports Family Court's finding of a change in circumstances (see Matter of Ronald EE. v Crystal F., 180 AD3d 1160, 1161 [2020], lv denied 35 NY3d 908 [2020]).
After finding that a change in circumstances had occurred since the entry of the prior order, Family Court accordingly proceeded to a best interests analysis that, contrary to the mother's contention, appropriately weighed "the past performance and relative fitness of the parents, their willingness to foster a positive relationship between the child[ren] and the other parent, their fidelity to prior court orders and their ability to both provide a stable home environment and further the child[ren]'s overall well-being" (Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1292 [2019]; see Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [2020]; Matter of Clayton J. v Kay-Lyne K., 185 AD3d 1243, 1244 [2020]). The record evidence demonstrated that the father was the only parent willing to foster a positive relationship between the children and the other parent. Significantly, the mother admitted during her testimony that she does not wish to talk to the father and only does so when it is unavoidable. The father also demonstrated a greater ability to provide a stable home environment and further the children's overall well-being. The testimony established that the mother and her husband have one vehicle, which lacks sufficient capacity to transport the entire family, yet they regularly drive to church with seven people in a vehicle with a six-person capacity. In addition, the schedule of parenting time requires that both parties share in the driving even though neither the mother nor her husband possessed a valid driver's license at the time of the initial [*3]hearing. Further, the unrefuted testimony established that the mother's home underwent a period without electricity in the summer of 2019 due to nonpayment of the electric bill. After considering the proof, and according deference to the credibility and factual determinations of Family Court (see Matter of Matthew DD. v Amanda EE., 187 AD3d 1382, 1383 [2020]; Matter of Damian R. v Lydia S., 182 AD3d 650, 651 [2020]; Matter of Jennifer D. v Jeremy E., 172 AD3d 1556, 1557 [2019]), we are satisfied that the determination to award sole legal and physical custody of the children to the father is supported by a sound and substantial basis in the record (see Matter of Anthony YY. v Emily ZZ., 189 AD3d at 1925; Matter of Michael Q. v Peggy Q., 179 AD3d 1329, 1331-1332 [2020]).[FN2]
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother raises no issue with respect to that portion of the order that found that she violated the prior order of custody.

Footnote 2: The attorney for the children supports Family Court's determination.