Matter of Felix A. v Jennifer B. (2022 NY Slip Op 05903)

Matter of Felix A. v Jennifer B.

2022 NY Slip Op 05903

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

533744
[*1]In the Matter of Felix A., Appellant,
v
Jennifer B., Respondent.

Calendar Date:September 8, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Carolyn Snyder Lemmon, Albany, for appellant.
Carl D. Birman, Albany, for respondent.
Alexandra G. Verrigni, Rexford, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Schenectady County (Kevin A. Burke, J.), entered June 22, 2021, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition at the close of petitioner's proof.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2008). Pursuant to a September 2018 Family Court order on consent, the parties were awarded joint legal custody of the child, with the mother having primary physical custody and the father receiving scheduled parenting time. In November 2020, the father filed a family offense petition and a modification petition.[FN1] At the close of the father's proof on the modification petition, the mother and the attorney for the child moved to dismiss the petition. Family Court granted the motions and entered an order of dismissal finding no proof of a change in circumstances. The father appeals.
"Generally, in order to survive a motion to dismiss, the petitioner is required to establish a change in circumstances warranting an inquiry into whether the best interests of the child would be served by modifying the existing custody arrangement" (Matter of Nathan PP. v Angela PP., 205 AD3d 1082, 1083 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Abigail Y. v Jerry Z., 200 AD3d 1512, 1513 [3d Dept 2021]). "When, as here, Family Court is tasked with deciding a motion to dismiss at the close of the petitioner's proof, the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Donald EE. v Heidi FF., 198 AD3d 1118, 1119 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Abigail Y. v Jerry Z., 200 AD3d at 1513]).
Initially, the father contends that Family Court erred in precluding his testimony consisting of the child's out-of-court statements as an exception to hearsay pursuant to Family Ct Act § 1046 (a) (vi). "A child's out-of-court statements are admissible in a Family Ct Act article 6 proceeding when they pertain to abuse or neglect and are sufficiently corroborated" (Matter of Hamilton v Anderson, 143 AD3d 1086, 1087 [3d Dept 2016] [citations omitted]; see Matter of Kristie GG. v Sean GG., 168 AD3d 25, 28 [3d Dept 2018]). "The relatively low degree of required corroboration may be provided by any other evidence tending to support the reliability of the child's statements" (Matter of Suzanne QQ. v Ben RR., 161 AD3d 1223, 1224 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]). Here, "there is simply nothing in the record before us to permit a finding of corroboration" (Matter of Leighann W. v Thomas X., 141 AD3d 876, 878 [3d Dept 2016]). The evidence presented at the hearing consisted solely of the father's testimony. The father [*2]failed to produce any photographs or documents, call other witnesses, or request that the child testify at a Lincoln hearing. Upon this record, we decline to disturb the court's determination (see Matter of Nicole R. v Richard S., 184 AD3d 978, 982 [3d Dept 2020]; Matter of Felicia N., 44 AD3d 1188, 1189 [3d Dept 2007]).
The dismissal of the father's modification petition was supported by a sound and substantial basis in the record. Family Court properly precluded much of the father's testimony that either consisted of, or was based upon, uncorroborated statements by the child. The remainder of his testimony — that the child's grades had slipped at one point, but then had improved, that the mother gave the child her phone back without discussing it with him, and that he had seen pictures of the child on Facebook that showed her kissing a boy in the back seat of a car, and giving the middle finger — simply did not establish a change in circumstances since the entry of the prior order. Thus, Family Court properly dismissed the petition (see Matter of Donald EE. v Heidi FF., 198 AD3d at 1120; Matter of Pierre N. v Tasheca O., 173 AD3d 1408, 1409 [3d Dept 2019], lv denied 34 NY3d 902 [2019]; Matter of Scott QQ. v Stephanie RR., 75 AD3d 798, 799-800 [3d Dept 2010]).
Lynch, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: At the close of the father's proof on the family offense petition, he moved to withdraw the petition. An order of dismissal was entered in June 2021.