Matter of Aaron OO. v Amber PP. (2022 NY Slip Op 06847)

Matter of Aaron OO. v Amber PP.

2022 NY Slip Op 06847

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

533685
[*1]In the Matter of Aaron OO., Appellant,
v
Amber PP., Respondent. (And Two Other Related Proceedings.)

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Todd G. Monahan, Schenectady, for appellant.
Timothy S. Brennan, Schenectady, for respondent.
Veronica Reed, Schenectady, attorney for the children.

Aarons, J.
Appeals from two orders of the Family Court of Schenectady County (Mark W. Blanchfield, J.), entered February 18, 2021, which, among other things, partially dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, for visitation with the parties' children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2006, 2009 and 2013). Following his conviction of various crimes, the father was incarcerated, and his earliest release date is 2053. After the father was transferred to a maximum-security correctional facility, the mother stopped taking the children to visit him. In 2016, the father commenced a proceeding seeking in-person visitation with the children. A hearing ensued, after which Family Court (Powers, J.) dismissed the petition in a 2017 order. This Court, however, reversed the 2017 order and remitted the matter for a new hearing, as well as for the assignment of new counsel for the father (170 AD3d 1436 [3d Dept 2019]). During the pendency of that appeal, the father, in 2019, commenced another proceeding for visitation with the children. Following a combined hearing on both the 2016 and 2019 petitions and a Lincoln hearing, Family Court (Blanchfield, J.), among other things, granted the father in-person visits with the children twice a year, directed that the father bear the costs for such visitation and permitted liberal contact via telephone, letters or electronic means between the father and the children. The father appeals. We affirm.
The father asserts that Family Court erred in giving him only two in-person visits per year and directing that he bear the costs for such visitation. The record reflects that the youngest child was born a few months before the father was taken into custody and that she had two visits with him when she was less than one year old. According to the mother, the father "was not very present with her." The older and middle children, both of whom were aware of the reasons for the father's incarceration, regularly speak with the father on the phone and they write letters to him. The mother testified that the middle child became depressed and withdrawn and sometimes acted violently after talking with the father. The court considered that the mother worked three separate jobs, that she relied mostly on public transportation and that she took care of four children in her household.[FN1] The court also noted the mother's financial circumstances, in addition to the fact that the father's sister offered to be a resource to transport the children for visitation.
"The propriety of visitation is a matter committed to the sound discretion of Family Court, guided by the best interests of the child[ren]" (Matter of Joseph F. v Stephanie G., 180 AD3d 1190, 1191 [3d Dept 2020] [citations omitted]). In view of the record evidence, the court's determination granting the father two in-person visits with the children (see Matter [*2]of Benjamin OO. v Latasha OO., 170 AD3d 1394, 1396-1397 [3d Dept 2019], lv denied 33 NY3d 909 [2019]; Matter of Miller v Fedorka, 88 AD3d 1185, 1186 [3d Dept 2011]; Matter of Moore v Schill, 44 AD3d 1123, 1123 [3d Dept 2007]; Matter of Davis v Davis, 232 AD2d 773, 773-774 [3d Dept 1996]), as well as the directive providing that the father bear the costs of the in-person visitation (see Matter of Samuels v Samuels, 144 AD3d 1415, 1417 [3d Dept 2016]; Matter of Culver v Culver, 82 AD3d 1296, 1300 [3d Dept 2011], lv dismissed 16 NY3d 884 [2011], lv denied 17 NY3d 710 [2011]), will not be disturbed. Furthermore, although not determinative, the position of the attorney for the children is consistent with Family Court's determination (see Matter of Robert AA. v Colleen BB., 101 AD3d 1396, 1399 n 2 [3d Dept 2012], lv denied 20 NY3d 860 [2013]).
Finally, Family Court did not abuse its discretion in denying the father's request for another new assigned counsel. "[T]here is no right to have assigned counsel of one's choice" (Matter of Ashley D., 268 AD2d 803, 805 [3d Dept 2000], lv denied 94 NY2d 763 [2000]), and defendant's general dissatisfaction with the assigned counsel's representation of him does not amount to good cause to warrant new assigned counsel (see Matter of Lillian SS. [Brian SS.], 146 AD3d 1088, 1093 [3d Dept 2017], lvs denied 29 NY3d 919, 992 [2017]). The father's remaining assertions have been considered and are without merit.
Lynch, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: In addition to the subject children, the mother has another child with a different father.