Matter of Shayne FF. v Julie GG. (2023 NY Slip Op 05767)

Matter of Shayne FF. v Julie GG.

2023 NY Slip Op 05767

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

534433
[*1]In the Matter of Shayne FF., Appellant,
v
Julie GG., Respondent. (And Another Related Proceeding.)

Calendar Date:September 6, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

John A. Cirando, Syracuse, for appellant.
Larisa Obolensky, Delhi, for respondent.
Allen E. Stone Jr., Vestal, attorney for the child.

Clark, J.P.
Appeal from an order of the Family Court of Tioga County (Matthew C. Hayden, J.), entered October 12, 2021, which granted respondent's motion to dismiss petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2009). Pursuant to a 2012 order entered on consent, the mother was granted sole legal custody of the child, while the father had parenting time every other weekend and holiday parenting time "at such times as agreed between the parties." The order also prohibited the mother from "relocat[ing] the child for residential purposes further than 50 miles from her current residence" unless the father consented or the mother obtained judicial approval. The father filed a modification petition in May 2020, asserting, as relevant to this appeal, that the mother had "moved to another county" and seeking additional parenting time with the child. After the mother sought dismissal of the father's petition, the father filed an amended petition in March 2021. The parties proceeded to a fact-finding hearing, where the father testified on his own behalf and proffered the testimony of the mother, among others. At the close of the father's proof, the mother moved to dismiss the father's petitions. In a bench decision, Family Court found that the father failed to establish a change in circumstances and dismissed the petition and the amended petition. The court subsequently issued a written order dismissing the same, and the father appeals.
"The party petitioning to modify a custody order bears the burden of demonstrating first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of John M. v Tashina N., 218 AD3d 935, 936-937 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Kevin F. v Betty E., 154 AD3d 1118, 1119-1120 [3d Dept 2017]). "When, as here, Family Court is tasked with deciding a motion to dismiss at the close of the petitioner's proof, the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Samantha WW. v Malek XX., 217 AD3d 1081, 1082 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Felix A. v Jennifer B., 209 AD3d 1131, 1132 [3d Dept 2022]; Matter of Jeremy RR. v Olivia QQ., 206 AD3d 1195, 1196 [3d Dept 2022]).
Initially, Family Court read the father's petition and amended petition too narrowly. Although the 2012 order prohibited the mother from relocating the child to a residence over 50 miles away from her then-current residence, that term should not be read as an agreement [*2]by the parties that a 50-mile move by the mother would automatically satisfy the requisite change in circumstances (compare e.g. Matter of Maranda WW. v Michael XX., 219 AD3d 1590, 1591 [3d Dept 2023]; Matter of Denise VV. v Ian VV., 205 AD3d 1090, 1091 [3d Dept 2022]; Matter of Jahleel SS. v Chanel TT., 201 AD3d 1172, 1173 [3d Dept 2022]; Matter of Zwack v Kosier, 61 AD3d 1020, 1021 [3d Dept 2009], lv denied 13 NY3d 702 [2009]). Nevertheless, even if so interpreted, such an agreement would not foreclose Family Court's ability to consider other allegations that may satisfy the requisite change in circumstances (see e.g. Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [3d Dept 2020]).
Taking the allegations set out in the father's May 2020 petition and March 2021 amended petition and granting them a liberal construction (see Family Ct Act 165 [a]; CPLR 3026; Matter of Lagano v Soule, 86 AD3d 665, 666-667 [3d Dept 2011]), the father sufficiently alleged that the mother had moved to another county and that the mother's move led to a significant increase in the travel time required to effectuate custodial exchanges. The increased distance and travel time, if proved, may necessitate a modification of the prior order including custodial exchange times and whom should bear the responsibility of the increased transportation (see Matter of Spaulding v Stewart, 124 AD3d 1111, 1113 [3d Dept 2015], lv denied 25 NY3d 903 [2015]; Matter of Molina v Lester, 84 AD3d 1462, 1464 [3d Dept 2011]; Mathie v Mathie, 65 AD3d 527, 531 [2d Dept 2009]). Further, inasmuch as nine years had elapsed since the 2012 order, and as a child's changing needs over time may establish a change in circumstances, Family Court should not have disregarded the father's allegation that the child wished — as expressed through an email by the attorney for the child — the court to consider the increased travel time and a set holiday visitation schedule when creating the parenting time schedule (see Matter of Miller v Shaw, 160 AD3d 743, 744 [2d Dept 2018]; Matter of Chase v Benjamin, 44 AD3d 1130, 1131 [3d Dept 2007]).[FN1]
After reviewing the fact-finding hearing, we find that the father proffered sufficient proof to survive a motion to dismiss. The mother testified that, since the issuance of the 2012 order, she moved to Onondaga County and believed that the distance between her current address and her prior address was less than 50 miles, when measured as a straight line on a map. The mother also proffered a map showing her current address at the center of a large circle, which, according to her, displayed a 50-mile radius from said address. Notably, this map does not show the mother's prior address, and neither the mother nor the map indicate any description of the various markings depicted therein. However, she was unsure whether such distance amounted to more or less than a 50-mile drive. The mother admitted that the move required adjustments to the custodial exchange times; specifically[*3], she explained that if she picked up the child at the later time set out in the 2012 order, the increased travel time would delay the child's bedtime and have a negative effect on his return to school the next day. The father asserted that the mother's move caused his drive to transport the child to increase from about 10 to 15 minutes to well over an hour each way. He also stated that, because the 2012 order did not designate transportation responsibilities, the exchanges had become a point of contention between the parties. Regarding holiday time, which the 2012 order directed would occur as the parties would mutually agree, the father complained that, with one exception, the mother had never agreed to the father having any parenting time during holidays. As such, he sought a specific schedule of holiday parenting time.
In granting the mother's motion to dismiss at the close of the father's proof, Family Court impermissibly credited the mother's testimony over her own contradictory statements and the father's testimony.[FN2] Applying the correct standard at this procedural stage — providing the father the benefit of every reasonable inference and resolving all credibility questions in his favor (see Matter of Jeremy RR. v Olivia QQ., 206 AD3d at 1195) — the father's proof sufficiently established that, since the entry of the 2012 order, the mother had moved to a different county, which move significantly increased the time and distance required to effectuate custodial exchanges, and that, in the nine years since said order, the mother routinely refused to agree to holiday parenting time for the father. Consequently, the father demonstrated a change in circumstances sufficient to overcome a motion to dismiss (see Matter of Timothy RR. v Peggy SS., 198 AD3d 1138, 1139 [3d Dept 2021]; Matter of Angelina H. v Derrick I., 187 AD3d 1357, 1358 [3d Dept 2020]; Matter of Abram v Abram, 145 AD3d 1377, 1378-1379 [3d Dept 2016]; compare Matter of Donald EE. v Heidi FF., 198 AD3d 1118, 1120 [3d Dept 2021]; Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355-1356 [3d Dept 2019]), and Family Court should have denied the mother's motion to dismiss and continued with the fact-finding hearing.[FN3]
Additionally, although not specifically raised by the parties, Family Court, seemingly driven by its overly narrow interpretation of the father's petition and amended petition, committed a plethora of errors which curtailed significant testimony that would have been relevant and material to the father's claim that a change in circumstances had occurred since entry of the 2012 order and that the best interests of the child would be served by modifying said order.[FN4] This testimony would have been of particular importance here, where the prior order was premised on the parties' consent rather than on a prior judicial determination, and such evidence could "give the court a view of the totality of the circumstances and family dynamics, including proof that relates to either party's [*4]fitness as a parent," and aid the court in its best interests analysis (Matter of Robert Q. v Miranda Q, 138 AD3d 1174, 1177 n [3d Dept 2016] [internal quotation marks and citation omitted]; see Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1047 n 1 [3d Dept 2023]). As these errors compounded and denied the father a full and fair opportunity to present evidence, we reverse the order on appeal and remit this matter for a new fact-finding hearing before a different judge (see Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1354-1355 [3d Dept 2022], lv dismissed 39 NY3d 1092 [2023]; Matter of Liska J. v Benjamin K., 174 AD3d 966, 968 [3d Dept 2019]).
Ceresia and Fisher, JJ., concur.
Aarons, J. (dissenting).
In our view, Family Court correctly dismissed the petition and the amended petition. Accordingly, we respectfully dissent.
Petitioner (hereinafter the father) commenced these proceedings seeking to modify a prior order of custody. A party seeking to modify a prior custody order has the threshold burden of proving a change in circumstances since the entry of that order so as to warrant an inquiry into the best interests of the child (see Matter of Jeremy RR. v Olivia QQ., 206 AD3d 1195, 1196 [3d Dept 2022]; Matter of Joshua KK. v Jaime LL., 204 AD3d 1345, 1346 [3d Dept 2022]). The prior order at issue is a 2012 order, which, among other things, prohibited respondent (hereinafter the mother) from relocating more than "50 miles from her current residence without either court approval or the consent of the father." We agree with the majority that Family Court was presented with a motion to dismiss following the close of the father's proof. With that, the court is required to accept the father's evidence as true and give him every reasonable favorable inference that can be drawn from the evidence, including resolving any credibility issues in his favor (see Matter of Donald EE. v Heidi FF., 198 AD3d 1118, 1119 [3d Dept 2021]; Matter of Michael YY. v Michell ZZ., 149 AD3d 1284, 1285 [3d Dept 2017]).
As a change in circumstances, the father alleged in the petition that the mother moved to a different county and used the COVID-19 pandemic as an excuse to deprive him of parenting time. In the amended petition, the father added that the mother relocated to a new residence that was more than 50 miles from her prior residence in contravention of the 2012 order. Viewing the allegations liberally, the dispute, in our view, centers on whether the mother's move was greater than 50 miles. Indeed, at the hearing, the father testified that this move of greater than 50 miles by the mother formed the basis of his claim of a change in circumstances.[FN5] Furthermore, on appeal, the father primarily directs his argument to the issue of whether the mother's move constituted a change in circumstances.
Against that backdrop, the father maintains that he has to drive more than 50 miles to reach the mother's new residence. The 2012 order, however, did not prohibit [*5]the mother from moving more than 50 driving miles from her then-current residence. It merely stated that the mother could not move more than "50 miles from her current residence." To adopt the father's position would impermissibly modify a directive in a court order. Moreover, the 2012 order is not factual proof that must be viewed in the father's favor. Rather, the meaning to be given to a particular directive in a court order is a legal determination. Looking to the plain language of the 2012 order, it does not impose any requirement that the 50-mile restriction be measured by driving distance. Instead, it should be interpreted as prohibiting the mother from moving beyond a 50-mile radius from her prior residence.
That said, the record does contain documentary evidence that the distance from the mother's old residence to her new one exceeded 50 driving miles and, indeed, the mother testified that, in terms of driving distance, her new residence could have been a little over 50 miles from her prior one. Even accepting the father's proof as true and giving him every favorable inference that can be drawn from it, such proof relates only to the driving distance between the mother's prior residence and her current one. Because the father failed to tender proof establishing that the mother moved more than 50 miles from her prior residence, in our view, he did not satisfy his initial burden of proving a change in circumstances (see Matter of Donald EE. v Heidi FF., 198 AD3d at 1120; Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355-1356 [3d Dept 2019]). Furthermore, although not dispositive, Family Court's determination is in accord with the position of the attorney for the child (see Matter of Aaron OO. v Amber PP., 211 AD3d 1144, 1146 [3d Dept 2022]).
Finally, the majority discusses a plethora of errors made by Family Court during the hearing. We express no view on those purported errors, other than to agree with the majority that no argument was raised by the parties with respect thereto.
Reynolds Fitzgerald, J., concurs.
ORDERED that the order is reversed, on the law, without costs; motion denied; and matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court's decision before a different judge, said proceedings to be commenced within 45 days of the date of this Court's decision.

Footnotes

Footnote 1: Although the trial attorney for the child supported an expansion of the father's parenting time, the appellate attorney for the child supports affirming the order on appeal.

Footnote 2: Family Court's bench decision and the order on appeal also reflect a myopic focus on whether the mother violated the terms of the 2012 order, rather than on whether the father proffered sufficient proof to establish the requisite change in circumstances. Although violations of prior orders of custody and parenting time and interference with parenting time are relevant on a modification petition (see e.g. Matter of Crystal F. v Ian G., 145 AD3d 1379, 1381-1382 [3d Dept 2016]; Matter of Mercado v Frye, 104 AD3d 1340, 1342 [4th Dept 2013], lv denied 21 NY3d 859 [2013]; Matter of Judy UU. v Troy SS., 80 AD3d 819, 821 n 3 [3d Dept 2011], lv denied 16 NY3d 707 [2011]; Matter of Fitzpatrick v Fitzpatrick, 77 AD3d 1108, 1110 [3d Dept 2010]), the absence of a violation does not conclude Family Court's inquiry.

Footnote 3: In refusing to address the issues of transportation and holiday parenting time, Family Court impermissibly left those issues solely to the mother's discretion and left the father without recourse (see e.g. Matter of Marcia ZZ. v April A., 151 AD3d 1303, 1306 [3d Dept 2017]). The court further exacerbated this predicament by preventing the father from testifying about prior filings where he sought to address the issue of holiday time and by dismissing the father's second amended petition without a hearing.

Footnote 4: Among other things, Family Court heavily limited testimony about the increased driving time and prevented any inquiry as to safety concerns that may have weighed against expanding the father's parenting time, as to the child's relationship with either parent, their significant others or their support systems, as to what parenting schedule the father sought, as to the mother's refusal to allow the father holiday time and as to the father's prior attempts at addressing that issue. Further, the order on appeal notes that the father "rejected an in court offer that was acceptable to [the mother] and to the [attorney for the child]"; Family Court is reminded that, except in very limited circumstances not applicable here, it cannot consider settlement negotiations among parties in its order (see CPLR 4547).

Footnote 5: Although the father mentioned at the hearing that the mother's move increased the time for custodial exchanges and that the mother makes no attempt to let him see the child on holidays, neither of the foregoing was pleaded as a change in circumstances in the petition or the amended petition. Regardless, the 2012 order provided that the father would have parenting time with the child on holidays "as agreed between the parties" and, with that, the father's mere desire for more holiday time does not suffice to establish a change in circumstances (see Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1913, 1915-1916 [3d Dept 2020]; Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1077 [3d Dept 2012]). Furthermore, whether to modify the "as agreed" provision regarding parenting time for holidays to a more definite time period, a preference referred to in the amended petition, goes to the best interests of the child, and not to the issue of a change in circumstances.