Matter of Mildred J. v Joseph K. (2024 NY Slip Op 03114)

Matter of Mildred J. v Joseph K.

2024 NY Slip Op 03114

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

CV-23-0490
[*1]In the Matter of Mildred J., Appellant,
v
Joseph K., Respondent.

Calendar Date:May 3, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Lisa K. Miller, McGraw, for appellant.
John A. Cirando, Syracuse, for respondent.
Thomas G. Shannan, Ithaca, attorney for the children.

Garry, P.J.
Appeal from an order of the Family Court of Broome County (Hollie S. Levine, J.), entered February 22, 2023, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2012 and 2014). Pursuant to a March 2021 order entered upon consent, the mother was granted primary physical and sole legal custody of the children, as well as permission to relocate with the children from Ulster County to Broome County. The father, in turn, was awarded parenting time during the school year on most weekends and half of the summer recess, alternating with the mother every two weeks, with the agreement that the mother would provide all transportation to and from visitation. In March 2022, after the father relocated from Ulster County to Herkimer County, the mother filed a petition seeking to modify the prior order to permit her to cancel or modify the timing of visitation in the event of inclement weather and requiring that the father share the burden of transportation. Pending resolution of the matter, a temporary order was entered in October 2022, providing that the children were to remain in place in the event of a travel advisory and granting the father compensatory visitation time in such circumstances. A fact-finding hearing ensued, at which time the parties agreed to modify the terms of the prior order to include a weather-related travel provision to this effect, among other things. Addressing the limited remaining issue, Family Court issued a decision and order denying that part of the mother's petition seeking to impose some of the responsibility for transportation of the children for visitation upon the father, finding that the mother had failed to demonstrate the requisite change in circumstances. The mother appeals.
"A parent seeking to modify an existing custody and parenting time order first must demonstrate that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis" (Matter of Mary N. v Scott M., 218 AD3d 890, 891 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 943 [3d Dept 2024]). Pertinent here, "increased distance and travel time, if proved, may necessitate a modification of the prior order including custodial exchange times and whom should bear the responsibility of the increased transportation" (Matter of Shayne FF. v Julie GG., 221 AD3d 1202, 1204 [3d Dept 2023]). "The court is afforded broad discretion in this regard, and its determination will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Amanda I. v Michael I., 185 AD3d 1252, 1254 [3d Dept 2020] [internal quotation marks and citations omitted]).
Upon review, it is significant that the parents stipulated [*2]that visitation may be interrupted or canceled in the event of inclement weather impeding the mother's travel. It is further significant that the determination was rendered following a full hearing, and Family Court clearly set forth the factors that had been considered. As Family Court observed, the sole remaining issue arose from the mother's discomfort with traveling rural roads, as the father's new location was in fact located a shorter distance from the mother than she had previously agreed to travel. The court further noted that the mother had failed to consider alternative routes between the two homes. Although we certainly recognize that a change in location may demonstrate a change in circumstances, upon this record, we find no basis to disturb Family Court's determination that the mother failed to demonstrate such a change since the prior order (compare Matter of Shayne FF. v Julie GG., 221 AD3d at 1204; Matter of Mary N. v Scott M., 218 AD3d at 892; Matter of Dennis F. v Laura G., 177 AD3d 1110, 1111 [3d Dept 2019]).
The mother's remaining contentions have been considered and found to be lacking in merit.
Reynolds Fitzgerald, Fisher, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.