Matter of Kalam EE. v Amber EE. (2025 NY Slip Op 07050)

Matter of Kalam EE. v Amber EE.

2025 NY Slip Op 07050

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-23-2434
[*1]In the Matter of Kalam EE., Appellant,
v
Amber EE., Respondent. (And Another Related Proceeding.)

Calendar Date:October 8, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Lisa K. Miller, McGraw, for appellant.
Andrea J. Mooney, Ithaca, for respondent.
Joan E. Mencel, Endwell, attorney for the children.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Tioga County (Adam Schumacher, J.), entered December 13, 2023, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2014 and 2017). In December 2022, the parties consented to an order awarding them joint legal custody, with the mother having primary physical custody and the father receiving scheduled parenting time. The order also contained prohibitions against the use of physical discipline on the children, excessive alcohol use in the presence of the children, precluded any contact between the children and the mother's boyfriend and directed that all communications take place through the TalkingParents application. In May 2023, the father filed a modification petition seeking additional parenting time and simultaneously filed an enforcement petition alleging, as relevant here, that the mother continued to use physical discipline on the children and was drinking to excess in the presence of the children. At the fact-finding hearing held on these petitions, the mother moved to dismiss at the close of the father's direct examination. Family Court granted the motion, specifically finding that there was no corroborating evidence to support the father's allegations, dismissed the father's petitions, and sua sponte canceled the Lincoln hearing of the children that was scheduled for the following day. The father appeals, with the attorney for the children (hereinafter the AFC), supporting the father's position on appeal.[FN1]
With respect to the modification petition, "[a] parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the children" (Matter of Timothy RR. v Peggy SS., 198 AD3d 1138, 1138 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]); accord Matter of Matthew TT. v Erin TT., 222 AD3d 1242, 1242 [3d Dept 2023]). As to the enforcement petition, "[a] party seeking a finding of civil contempt based upon the violation of a court order must establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party disobeyed that order, and that this conduct prejudiced the opposing party's rights" (Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1202-1203 [3d Dept 2025] [internal quotation marks and citations omitted]; accord Matter of Jahari BB. v Zada CC., 232 AD3d 1142, 1146-1147 [3d Dept 2024]). When Family Court is tasked with deciding a motion to dismiss, "the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably [*2]be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Darcy XX. v Jeffrey YY., 237 AD3d 1274, 1275 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Shayne FF. v Julie GG., 221 AD3d 1202, 1203-1204 [3d Dept 2023]).
The father testified that the children made numerous statements to him describing the mother's physical discipline of them and detailing the mother's excessive alcohol consumption. The father also stated that he had observed changes in the children's behavior, pointing specifically to the older child exhibiting signs of excessive nervousness and both children's reluctance to return to their mother's home at the conclusion of his parenting time. "A child's out-of-court statements are admissible in a Family Ct Act article 6 proceeding when they pertain to abuse or neglect and are sufficiently corroborated" (Matter of Felix A. v Jennifer B., 209 AD3d 1131, 1132 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Cory O. v Katie P., 162 AD3d 1136, 1136-1137 [3d Dept 2018]), and "the hearing court is accorded considerable discretion in determining whether there is sufficient corroboration" (Matter of Suzanne QQ. v Ben RR., 161 AD3d 1223, 1224 [3d Dept 2018] [internal quotation marks and citations omitted]). Notably, "[a] relatively low degree of corroboration is sufficient, and the requirement may be satisfied by any other evidence tending to support the reliability of the child's statements" (Matter of Cassidy S. v Bryan T., 180 AD3d 1171, 1173 [3d Dept 2020] [internal quotation marks and citations omitted]).
We find that Family Court improperly granted the mother's motion to dismiss as it failed to provide the father with the benefit of every reasonable inference and resolve all credibility issues in his favor (see Matter of Shayne FF. v Julie GG., 221 AD3d at 1205-1206; Matter of Jeremy RR. v Olivia QQ., 206 AD3d 1195, 1196 [3d Dept 2022]). Of greater concern, given the court's reason for granting the motion — lack of corroboration of the father's accusations — it abused its discretion in canceling the Lincoln hearing as "information shared by [the children] during a Lincoln hearing may serve to corroborate other evidence adduced at a fact-finding hearing" (Matter of C.M. v Z.N., 230 AD3d 1409, 1413 [3d Dept 2024] [internal quotation marks and citations omitted; emphasis added]; see Matter of Patrick UU. v Frances VV., 200 AD3d 1156, 1160 [3d Dept 2021]). At the time of the hearing, the children were nine and six years of age and the record is bereft of any indication that the children were unwilling or incapable of participating in the Lincoln hearing. Thus, we remit the matter to Family Court to conduct a Lincoln hearing and any appropriate hearing following same (see Matter of Samantha WW. v Malek XX., 217 AD3d 1081, 1083 [3d Dept 2023]; Matter of Edwin Z. v Courtney AA., 187 AD3d 1352, 1354 [3d Dept 2020]).
In view of the [*3]foregoing, we need not reach the father's remaining contention that he did not receive effective assistance of counsel, as this issue has been rendered academic. However, this Court is concerned as to the AFC's passive representation of the children in this matter, including failing to object to the cancellation of the Lincoln hearing. Accordingly, upon remittal the children should be represented by a different AFC (see Matter of Williams v Williams, 35 AD3d 1098, 1100 [3d Dept 2006]).
Clark, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is reversed, without costs, and matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The AFC assigned to represent the children in the underlying matter and the appellate AFC are two different attorneys.