Matter of Joshua X. v Alexandria Y.

2026 NY Slip Op 02011

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Joshua X., Appellant,

v

Alexandria Y., Respondent.

Decided and Entered:April 2, 2026

CV-24-1652

Calendar Date: February 9, 2026

Before: Clark, J.P., Reynolds Fitzgerald, Ceresia, Powers And Corcoran, JJ.

Jane M. Bloom, Monticello, for appellant.

Alexandra G. Verrigni, Rexford, for respondent.

Lisa K. Miller, McGraw, attorney for the child.

Susan B. McNeil, Slaterville Springs, attorney for the child.

[*1]

Reynolds Fitzgerald, J.

Appeal from an order of the Family Court of Chemung County (Ottavio Campanella, J.), entered December 7, 2023, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition at the close of petitioner's proof.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children (born in 2009 and 2010). In 2019, the parties entered into a settlement agreement, which was incorporated but not merged into a judgment of divorce. The agreement provided that the parties would have joint legal custody of the children with primary physical custody to be with the mother. A definitive parenting schedule could not be established for the father due to his active military status and attendant possible deployment. As such, the parties agreed to arrange for the father's general parenting time on an ad hoc basis in accordance with his availability. However, the agreement did provide for specific holiday and summer parenting schedules. At the time of the agreement, the father resided in Maryland and the mother resided in New York.

Now, while still in the military, the father has a desk duty position which provides for a regular schedule and does not require deployment. Additionally, the mother has remarried and there are now six children residing in her home. In January 2023, the father commenced this modification proceeding alleging a change in circumstances and seeking primary physical custody of solely the younger child. After the mother sought dismissal of the father's initial petition, the father filed an amended petition in June 2023. The matter proceeded with in camera interviews of both children followed by a fact-finding hearing.FN1 At the close of the father's proof, the mother moved to dismiss the father's petition. In a bench decision, Family Court found that the father failed to establish a change in circumstances and dismissed the petition and the amended petition. The court subsequently issued a written order, and the father appeals.

The father contends that Family Court erred in finding that he had failed to demonstrate a change in circumstances since entry of the prior custody order. We agree. "A parent seeking to modify an existing custody and parenting time order first must demonstrate that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis" (Matter of Jacob L. v Heather L., 228 AD3d 1191, 1192-1193 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Matter of Mary N. v Scott M., 218 AD3d 890, 891 [3d Dept 2023]).FN2 "[A] custody arrangement consented to by the parties is afforded less weight than one ordered by a court after a full hearing" (Heather B. v Daniel B., 125 AD3d 1157, 1159 [3d Dept 2015] [internal quotation marks and citations omitted]; see Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1046 [3d Dept 2023]).

"When, as here, Family Court is [*2]tasked with deciding a motion to dismiss at the close of the petitioner's proof, the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Shayne FF. v Julie GG., 221 AD3d 1202, 1203-1204 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Darcy XX. v Jeffrey YY., 237 AD3d 1274, 1275 [3d Dept 2025]). We find that the record in this matter is replete with sufficient proof to survive a motion to dismiss.

The father testified that he has changed his position in the military and is no longer subject to deployments FN3 or TDYs.FN4 His employment now consists of a desk job with weekday hours between 9:00 a.m. and 4:00 p.m., and he is available in the evenings and weekends to care for the younger child "[100%]" of the time. Additionally, the father testified that the mother has remarried, her husband has two children who reside at the mother's house and the mother has given birth to two additional children who are under the age of two. Thus, the mother now has six children residing in her home. He averred that the younger child has had difficulties adjusting to the composition and family dynamics of the mother's new household, including that the stepfather is "loud," that the younger child has sibling rivalries especially with the stepfather's son and frequently complains to the father about how he is treated by his brother and stepsiblings. This situation is so stressful that it has caused the younger child to regularly seek out the school counselor and therapist and has prompted him to request to live with the father. Lastly, the father testified that his relationship with the mother has further deteriorated as she speaks ill of him to the children, does not encourage a relationship between him and the older child, and is inflexible in affording him additional parenting time other than the holiday and summer schedules set forth in the 2019 agreement.

Providing the father the benefit of every reasonable inference and resolving all credibility questions in his favor, as we must do when considering a motion to dismiss, the father's proof sufficiently established that since the 2019 judgment of divorce he has moved to a job that no longer requires deployment and provides him with a standard schedule which provides significant expansion of his availability to care for the younger child. We find that this proof, standing alone, demonstrated a change in circumstances sufficient to overcome a motion to dismiss (see Matter of Hughes v Davis, 68 AD3d 1674, 1675 [4th Dept 2009]; Matter of Diffin v Towne, 47 AD3d 988, 990-991 [3d Dept 2008], lv denied 10 NY3d 710 [2008]). Moreover, it is undisputed that the mother has remarried and, as a result, there are now six children in the household as well as her current spouse. Additionally, if credited, which it [*3]must be at this procedural juncture, the father's testimony has demonstrated that this current family makeup has caused stress and anxiety for the younger child. Finally, the father has alleged a further breakdown in the parties' relationship resulting in difficulties scheduling additional parenting time and in the mother's failure to foster a relationship between the father and the children. This proof further demonstrates a change in circumstances sufficient to overcome the mother's motion to dismiss (see Matter of Jacob L. v Heather L., 228 AD3d at 1194; Matter of Shayne FF. v Julie GG., 221 AD3d at 1206). As the father's petition was dismissed without a full fact-finding hearing, the record does not allow us to undertake the required analysis into whether modification of the current custody arrangement would be in the best interests of the younger child. As such, we reverse the order on appeal and must remit to Family Court for a new fact-finding hearing before a different judge (see Matter of Shayne FF. v Julie GG., 221 AD3d at 1207; Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1354-1355 [3d Dept 2022], lv dismissed 39 NY3d 1092 [2023]).

Clark, J.P., Ceresia, Powers and Corcoran, JJ., concur.

ORDERED that the order is reversed, on the law, without costs; motion denied; and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision before a different judge, said proceedings to be commenced within 45 days of this Court's decision.

Footnotes

Footnote 1: Family Court, in its determination of the motion to dismiss, referenced having conducted Lincoln hearings of both children. What actually took place were in camera interviews of the children, not Lincoln hearings. The purpose of a Lincoln hearing is to corroborate information acquired through testimonial and documentary evidence during a fact-finding hearing and to ascertain a child's preferences and concerns. Therefore, a Lincoln hearing is to take place after or during the fact-finding hearing, not prior to the fact-finding hearing (see Matter of Rush v Roscoe, 99 AD3d 1053, 1055 [3d Dept 2012]; Matter of Spencer v Spencer, 85 AD3d 1244, 1245-1246 [3d Dept 2011]).

Footnote 2: Family Court in its determination of whether the father demonstrated a change in circumstances erred by focusing on the best interests analysis factors with its reference to parental fitness.

Footnote 3: Deployments are temporary military orders involving combat operations outside the United States.

Footnote 4: TDYs are temporary duty assignments which are short-term military orders requiring personnel to leave their home station and the length of the orders vary from a few days up to six months.